443 F.2d 352
 Melvin GANN, Petitioner-Appellee,
v.
W. D. SMITH, Jr., Respondent-Appellant.
No. 71-1201 Summary Calendar.*
*(1) Rule 18, 5th Cir.; see Isbell Enterprises
v.
Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 May 19, 1971.
 
 A. F. Summer, Atty. Gen. of Miss., Guy N. Rogers, Timmie Hancock, John M. Kinard, Sp. Asst. Attys. Gen., Jackson, Miss., for respondent-appellant.
 James A. Lewis, North Miss. Rural Legal Services, Oxford, Miss., John P. Fox, Houston, Miss., for petitioner-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 In addition to defending an appeal from the grant of a writ of habeas corpus on the merits, D.C., 318 F.Supp. 409, the petitioner-appellee moves this court to dismiss the appeal on the grounds that the trial court erroneously extended the time to file a notice of appeal in this case. We agree that no showing which would support excusable neglect was made and that the appeal should be dismissed.
 
 
 2
 The undisputed facts disclose that during the normal 30-day period of time for notice of appeal from the grant of the writ of habeas corpus provided in FRAP 4(a), the Attorney General of the State of Mississippi 'after careful study and consultation with members of the Criminal Division staff, * * * made the decision that no appeal would be taken from this order.' Forty-nine days after the entry of the trial court's final order, the district attorney in the district where petitioner had been convicted submitted a request to the Attorney General that an appeal be taken from the grant of the writ of habeas corpus. The Attorney General thereupon moved the trial court to grant an extension of time to file the notice of appeal and, in connection therewith, disclosed the above facts. The requested extension was granted pursuant to the provision of FRAP 4, which states: 'Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.'
 
 
 3
 The antecedent to this rule, Fed.R.Civ.P. 73(a), contained a requirement that an extension of time for appeal in civil cases could be granted only 'upon a showing of excusable neglect based upon a failure of a party to learn of the entry of the judgment.' In 1966 the clause 'based on a failure of a party to learn of the entry of the judgment' was deleted. The Advisory Committee note accompanying this change stated that it was for the purpose of empowering the district court to extend the time upon a showing of excusable neglect of any kind, because 'the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result.' In this same spirit, we view this portion of the rule to vest in district courts a broad discretion as to what neglect in the filing of a notice of appeal ought to be excused for an additional period of time, and would be reluctant to interfere with the trial judge's determination of excusability. See C. Wright, Federal Courts 467 (2d ed. 1970), and the cases cited in that hornbook's footnotes 19, 20 and 21.
 
 
 4
 The problem in this case is, the action of the State Attorney General did not involve neglect of any kind. Within the regular 30 day period provided by FRAP 4, he made the deliberate determination mination not to appeal this case and adhered to that determination voluntarily and intentionally until long after such period had expired. The record reveals that the only showing made to the district judge was that the respondent changed its mind. He was therefore without power to extend the time; and this court is without jurisdiction of the instant appeal.
 
 
 5
 Without intimating any views on the merits of the issues raised, the appeal is
 
 
 6
 Dismissed.