Hardy JACKSON, Petitioner-Appellant,

v.

Sheriff Bill DECKER, Respondent-Appellee.

No. 71-2442.

United States Court of Appeals, Fifth Circuit.

Nov. 19, 1971.

and subsistence of persons held under authority of any United States statute * * *."

3. 18 U.S.C. § 751(a).

Hardy Jackson, pro se.

Crawford C. Martin, Atty. Gen., Howard M. Fender, Austin, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

This matter comes to us from the district court's denial of habeas corpus relief to the appellant, a prisoner of the State of Texas. The appeal must be dismissed for want of jurisdiction.

The district court entered a memorandum order denying the appellant's petition for habeas corpus on October 9, 1970. However, it was not until his motion for certificate of probable cause was received on January 22, 1971 that the court below was given any indication that the appellant desired to appeal that court's adverse judgment.

Rule 4(a), F.R.A.P., requires that notice of appeal must be filed in the district court within 30 days from the date of entry of the judgment or order sought to be appealed. This time period may be extended an additional 30 days "upon a showing of excusable neglect."

Since the record in this case clearly shows that the appellant filed no notice of appeal, nor any document which might reasonably be construed as such until some 45 days beyond the maximum extended time period set forth in Rule 4 (a), this Court has no jurisdiction to entertain the appeal. Dunn v. Henderson, 5th Cir. 1971, 446 F.2d 1398; Gann v. Smith, 5th Cir. 1971, 443 F.2d 352; Bean v. Wainwright, 5th Cir. 1971, 437 F.2d 112. We therefore dismiss this appeal without prejudice to the appellant's right to refile his habeas petition in the district court to obtain a final or-

der from which he may prosecute a timely appeal. See Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148.

Appeal dismissed.