**Sylvester TRIBBITT, Petitioner-Appellant,**

**v.**

**Louie L. WAINWRIGHT et al., Respondent-Appellee.**

**No. 72–1611**

**Summary Calendar.*** 

United States Court of Appeals, Fifth Circuit.

June 27, 1972.

Sylvester Tribbitt, pro se.

Robert L. Shevin, Atty. Gen., Tallahassee, Fla., P. A. Pacyna, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

This appeal follows the district court's denial of habeas corpus relief to appel-

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

lant, a prisoner of the State of Florida. The appeal must be dismissed for want of jurisdiction.

The district court entered its order denying appellant's petition for habeas corpus on October 12, 1971. The first indication given by appellant that he desired to appeal was a motion for certificate of probable cause filed in this Court on January 17, 1972, which was returned to appellant with the advice to present it to the court below. Thereafter, on February 4, 1972, appellant filed his motion for certificate of probable cause and leave to appeal in forma pauperis in the district court.

Rule 4(a), Fed.R.App.P., requires that notice of appeal be filed within 30 days from the date of entry of judgment or order sought to be appealed. This time period may be extended an additional 30 days upon a showing of excusable neglect. Jackson v. Decker, 5th Cir. 1971, 451 F.2d 348; Dunn v. Henderson, 5th Cir. 1971, 446 F.2d 1398; Gann v. Smith, 5 Cir. 1971, 443 F.2d 352; Bean v. Wainwright, 5th Cir. 1971, 437 F.2d 112. Even construing appellant's motion addressed to this Court as a notice of appeal, it is clear that it was not presented until 37 days after the 60-day maximum period had elapsed. The motions in the district court were not presented until 55 days beyond such period.

Appellant stated in his motion before the district court that he was prevented from filing a notice of appeal through the actions of prison authorities. Assuming that this fact, if established, would support allowing appellant's belated appeal pursuant to Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), appellant's bald allegation, in the absence of evidence before or findings by the district court, cannot create jurisdiction in the instant case.

Since the record clearly shows the appellant filed nothing that could be construed as a notice of appeal until some 37 days beyond the maximum extended time period set forth in Rule 4(a) and has neither presented nor alleged any facts tending to show he was prevented from doing so by the actions of prison authorities, this Court has no jurisdiction to entertain his appeal.

Dismissed.