Louella S. Da'VILLE, Individually and as natural tutrix of the minor, Peyton Renee Da'Ville, Plaintiff-Appellant,

Insurance Company of North America, Intervenor-Appellant,

v.

R. S. WISE et al., Defendants-Appellees.

No. 72–1330

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 2, 1973.

Preston N. Aucoin, Ville Platte, La., for Louella S. Da'Ville.

V. Farley Sonnier, Lafayette, La., for Ins. Co. of North America.

Carl J. Barbier, New Orleans, La., for plaintiff-appellant.

H. Lee Leonard, Lafayette, La., for defendants-appellees.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Charles Da'Ville, aged 20, was employed by Movible Offshore, Inc. He was working on an idle drilling drawworks on an offshore artificial island or fixed structure situated on the Outer Continental Shelf of the Gulf of Mexico within the seaward extension of Louisiana when he met his death, on May 7, 1969. His widow, plaintiff-appellant individually and as administratrix of their infant child, filed suit in the court below under Title 28 U.S.C., Section 1331(a), and Title 43 U.S.C., Section 1333 (the Outer Continental Shelf Lands Act) for damages for Da'Ville's wrongful death against (a) Pacific Indemnity Company as the liability insurer of Movible Offshore, and (b)

---

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Da'Ville's co-employees from Movible Offshore, Wise, a tool pusher, and Rawls, a driller. The Insurance Company of North America, Movible Offshore's compensation carrier, intervened to recover from Pacific Indemnity all amounts paid and required to be paid by it to the widow and child under the Longshoremen's and Harbor Workers' Compensation Act, Title 33 U.S.C., Section 901 et seq.

On December 3, 1971, the United States District Court, Western District of Louisiana, Opelousas Division, granted defendants-appellees' motion for summary judgment on the ground that the Outer Continental Shelf Lands Act, Title 43 U.S.C. Section 1333(c), makes the Longshoremen's and Harbor Workers' Compensation Act the exclusive remedy for such workmen for injuries sustained through negligence of their employers or fellow workmen.

On January 4, 1972, plaintiff-appellant filed her notice of appeal. Defendants-appellees moved this Court to dismiss the appeal for lack of jurisdiction on the ground that such notice was not timely filed within the 30-day limitation of Rule 4(a), F.R.A.P. We carried the Motion to Dismiss with the case.

Since the district court entered judgment December 3, 1971, the 30-day appeal period of Rule 4(a) begins from the next day thereafter and would bar as untimely an appeal taken after January 2, 1972. But that day was a Sunday so that the actual final day for appeal would extend over to Monday, January 3. Rule 4(a), F.R.App.P., supra. The notice of appeal was file stamped "Filed, January 4, 1972", and the cover letter from plaintiff-appellant's counsel to the district court accompanying the notice was dated January 3, 1972. This document was also stamped by the Clerk of the district court in Shreveport, Louisiana: "Filed, January 4, 1972".

■ Normally this would end the matter. We would be constrained to dismiss the appeal for lack of jurisdiction as time barred. F.R.A.P. 3(a) and 4(a); Martin v. Wainwright, 5 Cir. 1972, 469 F.2d 1072 [No. 72–1946, November 17, 1972]; Tribbitt v. Wainwright, 5 Cir. 1972, 462 F.2d 600. However, a strong possibility exists in this case that the notice was in fact received by the Opelousas Division office of the Clerk on Monday, January 3, then forwarded to the Shreveport office of the Clerk without being first stamped with a date when received in the Opelousas office. The district court's Opelousas Division is a small one composed of only two rural parishes (counties), Evangeline and Saint Landry. We find that except when court is in session the Opelousas office is staffed only by a part-time employee of the clerk. This employee keeps no records in Opelousas and often serves merely as a conduit to the Shreveport office for papers received. Sometimes she affixes a date of receipt on those papers, at other times she simply forwards them unmarked. No record is kept of the papers received and forwarded. Because of this practice [1] we are unwilling to hold that defendants-appellees have demonstrated that the notice was not in fact received on Monday, January 3, in the Clerk's Opelousas office and then forwarded to the Shreveport office without having been stamped "Filed, January 3, 1972", in Opelousas.[2] Defendants-appellees' motion to dismiss the appeal is denied. We reach the merits.

■ As to the merits, the district court correctly concluded that plaintiff-appellant's remedy against defendants-appellees is to be found exclusively within the

1. A procedure which we do not condone, but rather call to the district court's attention for correction.

2. A further possibility exists. Along with other places, Opelousas may well have continued the New Year's Day Holiday for the full three days, Saturday, January 1 through Monday, January 3, in line with the current practice of celebrating other holidays on Mondays. We notice judicially that banks generally were closed Monday, January 3, 1972.

Longshoremen's and Harbor Workers' Compensation Act, which is adopted into the Outer Continental Shelf Lands Act. This is clearly so because this is an action for damages by the survivors of an offshore workman for injuries sustained through the alleged negligence of his employer and fellow workmen. Title 33, U.S.C. Sections 904, 905 and 933(i).

Affirmed.