Willie Lee **JOHNSON**, alias Will Johnson, No. 18914-149, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.
No. 72-3669
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.
March 23, 1973.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Bishop W. J. Johnson, pro se.

Donald E. Walter, U. S. Atty., Shreveport, La., for respondent-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Willie Lee Johnson appeals from the district court's denial of his motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. We dismiss the appeal as not timely filed.

On July 24, 1972, the district court denied Johnson's motion for relief under § 2255. The appellant did not file a notice of appeal or similar document until October 24, 1972, when this Court received his "petition of appeal." This petition was later filed in the district court on November 3, 1972, as a notice of appeal. The appeal proceeded forthwith without further authorization. See Rule 24(a), F.R.A.P.

Rule 4(a), F.R.A.P., requires that notice of appeal in a case in which the United States is a party be filed within 60 days after the date of entry of the judgment or order sought to be appealed. The Rule further provides, in part, that "Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision." [1]

Johnson's "petition for appeal" was not received by this Court until two days after the 90-day maximum period for filing a notice of appeal had elapsed. This Court, therefore, has no jurisdiction to entertain Johnson's appeal, and it must be dismissed. Tribbitt v. Wainwright, 5 Cir. 1972, 462 F.2d 600; Dunn v. Henderson, 5 Cir. 1971, 446 F.2d 1398; Bean v. Wainwright, 5 Cir. 1971, 437 F.2d 112.

Appeal dismissed.

[1] The appellant has not alleged, nor does the record suggest, that his delay resulted from his "excusable neglect" or from any cause beyond his control. *Cf.* Tribbitt v. Wainwright, 5 Cir. 1972, 462 F.2d 600.