**Noble D. MAYS, Jr., Petitioner,**

v.

**James COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent.**

No. 7:89–CV–006–A.

United States District Court,
N.D. Texas,
Wichita Falls Division.

March 7, 1995.

David Ross Noel Taubenfeld, Haynes & Boone and Stephen Andrew Grimmer, Turner Dealey & Zimmermann, Dallas, TX, for plaintiff.

Margaret Portman Griffey, Atty. Gen. of Texas, Austin, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

McBRYDE, District Judge.

Came on for consideration the motion petitioner, Noble D. Mays, Jr., (hereinafter "Mays") filed on February 16, 1995, titled "Petitioner's Unopposed Motion to Vacate and Re–Enter Judgment to Allow Timely Appeal and Brief in Support Thereof" (hereinafter "motion to vacate"). The court has concluded that the motion to vacate and all relief sought by such motion should be denied.

## I.

### *Background, and The Allegations Made in, and Relief Sought by, the Motion to Vacate*

In 1989 Mays, acting through attorneys David R.N. Taubenfeld (hereinafter "Taubenfeld") and Stephen A. Grimmer (hereinafter "Grimmer"), filed a petition for writ of habeas corpus by which he sought relief from his March 1984 conviction of the offense of capital murder, based on a murder that occurred in June 1979, and the sentence of death he received for his commission of that offense. On April 15, 1994, the court signed its final judgment denying Mays' petition for writ of habeas corpus. The judgment was entered on the civil docket on April 20, 1994. On April 29, 1994, Mays filed his motion to alter and amend judgment pursuant to Fed. R.Civ.P. 59. By order signed May 12, 1994, and entered on the civil docket on May 17, 1994, the court denied that motion. Accordingly, the deadline for filing Mays' notice of

appeal from the judgment was June 16, 1994.[1] *See* Fed.R.App.P. 4.

Mays contends that on June 10, 1994, he served on respondent his notice of appeal and application for certificate of probable cause and attempted to file them with the clerk's office in the Wichita Falls Division by mail, but that on June 16, 1994, the documents he had attempted to file were returned to him along with a note from the District Clerk of Wichita County, Texas, explaining that the documents should have been sent to the United States District Clerk's office and not to the state courthouse. According to his allegations, on June 16, 1994, he served his application for certificate of probable cause to authorize appeal and his notice of appeal on respondent and prepared and served on respondent a motion to extend time for the filing of his notice of appeal. Motion to Vacate at 3. However, none of those items were filed until June 21, 1994. On June 24, 1994, the court signed an order, which was entered on the civil docket on June 28, 1994, denying the application and the motion. Mays contends that he did not receive a copy of the order entered June 28 until January 30, 1995, "shortly after inquiries were made regarding the status of the Application and the Motion." *Id.*

By the motion to vacate, which was not filed until February 16, 1995, Mays now requests the court, pursuant to Fed.R.Civ.P. 60(b)(1), to vacate and re-enter the judgment entered on April 20, 1994, to allow him to file a timely notice of appeal. Alternatively, Mays requests the court to withdraw the order entered June 28, 1994, and grant his motion to extend time for filing notice of appeal.

## II.

### *Analysis*

■ Other than the contentions of Mays, the official records of the court do not provide the court with information pertinent to Mays' claim that there was a mismailing in

June 1994 of his notice of appeal to the state courthouse. However, the court's records do reflect that, if Mays is correct in saying that he received the documents back from the District Clerk of Wichita County, Texas, on June 16, 1994, he still would have had sufficient time after their return within which to file a timely notice of appeal from the April 1994 judgment, bearing in mind that June 16, 1994, was the deadline for the filing of such a notice. Mays has offered no explanation of why he, through Grimmer or Taubenfeld, did not promptly file a timely notice of appeal upon learning of the mismailing. He alleges that on June 16, 1994, he, through his counsel, prepared and served on respondent his motion to extend the time for the filing of a notice of appeal. Motion to Vacate at 3. Rather than to do that, all Mays, through his counsel, had to do for a notice of appeal to have been timely filed was to deliver a notice of appeal to the clerk, or arrange for that to be done, on June 16. If the mismailing of the notice of appeal had prevented the timely filing of a notice, a finding of "excusable neglect" within the meaning of Fed.R.App.P. 4(a)(5) might well have been appropriate. *See Consolidated Freightways Corp. v. Larson*, 827 F.2d 916 (3rd Cir.1987), *cert. denied*, 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988). However, the court is not aware of any fact that would excuse the failure of Mays, through his counsel, to file a timely notice of appeal on June 16, 1994.

■ Mays contends in the motion to vacate that in the order entered June 28, 1994, the court gave a wrong reason for the denial of his June 21, 1994, motion to extend the time for the filing of notice of appeal. Motion to Vacate at 4. Nevertheless, the fact remains that no allegation was made in the motion to extend time that would provide an excuse for the untimely filing of the notice. The mismailing certainly did not prevent a timely filing of the notice. Thus, the court properly denied the June 1994 motion to extend time.

---

1. Mays incorrectly alleges that the deadline for the filing of a notice of appeal from the April 1994 judgment was June 13, 1994. Motion to Vacate at 2. Apparently Mays is erroneously calculating from the date of the signing and filing of the May 1994 order instead of from the date of entry. *See* Fed.R.App.P. 4.

Mays gives the following description of his reason for failing to seek appellate relief from the order entered June 28, 1994, denying his motion to extend time for the filing of a notice of appeal:

> 6. On June 24, 1994, the Court entered [sic] its Order denying the Application for Certificate of Probable Cause, and denied as moot the Motion to Extend Time for Filing Notice of Appeal. Counsel for Petitioner were not notified that the Court had entered the Order and did not receive a copy of the Order until January 30, 1995, shortly after inquiries were made regarding the status of the Application and the Motion.
>
> 7. Respondent's counsel has informed Petitioner's counsel that she had never received a copy of the June 24, 1994, Order, either.
>
> . . . .
>
> 9. . . . Petitioner's failure to timely appeal this Court's denial of his Motion to Extend Time for Filing Notice of Appeal was the result of the mistake, inadvertence, and excusable neglect of the Court's staff in failing to notify any counsel of the entry of the June 24, 1994, Order. . . .

Motion to Vacate at 3–4. The records of the clerk cast serious doubt on the truthfulness of Mays' allegations. According to the clerk's records: (1) a copy of the court's June 1994 order denying Mays' application for certificate of probable cause and his motion to extend time for filing notice of appeal was mailed by the clerk on June 24, 1994, to each of Mays' attorneys (Taubenfeld and Grimmer) and to the attorney for respondent, Margaret Portman Griffey, (hereinafter "Griffey"); (2) the addresses used for the June 24 mailings to Taubenfeld, Grimmer, and Griffey would have been their correct mailing addresses; and (3) there is no indication in the court's records that any of the three copies mailed by the clerk on June 24 was returned to the clerk's office because of incorrect address or for other reason.[2] Moreover, Mays apparently would have the court believe that, although, according to him and his attorneys, they had just suffered a monumental mismailing tragedy in regard to his effort to perfect an appeal, more than seven months were permitted to elapse after his motion to extend time was filed before he or either of his attorneys had enough curiosity to prompt inquiry concerning the status of his request for an extension.

Were it not for the court's conclusion that the law simply does not compel a ruling for Mays on the basis of the facts he asserts, the court would order a hearing on the motion to vacate for the purpose of developing a full record in respect to all his allegations of fact. As it is, the court is not conducting a hearing on the motion to vacate because the court has concluded that, even if the court were to accept Mays' factual assertions at face value, the court should not at this late date take actions that would have the effect of attempting, or purporting, to extend the time for the filing by Mays of a notice of appeal, either from the final judgment entered April 20, 1994, or from the order entered June 28, 1994, denying his motion to extend time for filing notice of appeal.

■ Rule 4(a) of the Federal Rules of Appellate Procedure governs the filing of a notice of appeal in civil cases. It requires that a notice of appeal be filed within thirty days after the date of entry of the judgment or order appealed from or, if a motion under Fed.R.Civ.P. 59 to alter or amend the judgment has been timely filed, within thirty days from entry of the order disposing of the motion.[3] Fed.R.App.P. 4(a)(4). Accordingly, his notice of appeal as to the April 1994 final judgment was due within thirty days after the entry on May 17, 1994, of the order denying his Rule 59 motion to alter or amend

---

**2.** The return of a mailed item normally would be reflected by the clerk's records.

**3.** Rule 4 contemplates that the deadline for the filing of a notice of appeal can be extended by the filing of other kinds of motions as well, Rule 4(a)(4)(A), (B), (D), (E), (F), but the only post-judgment motion filed by Mays as to the April 1994 judgment (other than the Rule 60 motion now before the court) was the Rule 59 motion Mays filed on April 29, 1994. Obviously, the motion now under consideration did not extend the time for the filing of a notice of appeal from the April 1994 judgment inasmuch as it was not served within ten days after entry of the judgment. *See* Fed.R.App.P. 4(a)(4)(F).

the judgment. The deadline for filing a notice of appeal as to the rulings made by the order entered June 28, 1994, was July 28, 1994.[4]

■ If the facts asserted by Mays in the motion to vacate were accepted as true, the part of Rule 4 applicable to his attempt to gain appellate review of the order entered June 28, 1994, would be 4(a)(6), which provides:

> The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

The Advisory Committee notes following Rule 4 state:

> Reopening may be ordered only upon a motion filed within 180 days of the entry of a judgment or order or within 7 days of receipt of notice of such entry, whichever is earlier. This provision establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal....

The provisions of Rule 4(a) are mandatory and jurisdictional. *Allied Steel v. City of Abilene*, 909 F.2d 139, 142 (5th Cir.1990). Petitioner's motion to vacate, if interpreted as a motion pursuant to Rule 4(a)(6), is not timely as to any judgment or order in this action. Further, except as expressly provided in Rule 4, Rule 60(b) was not designed to be a means of enlarging by indirection the time for appeal set forth in Rule 4. *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964); *Perrin v. Aluminum Co. of America*, 197 F.2d 254, 255 (9th Cir.1952). The Fifth Circuit has made abundantly clear that if lack of notice of entry of judgment is

the only reason assigned for Rule 60(b) relief from failure to give a timely notice of appeal, the requested relief should not be granted. In *Jones v. Estelle*, the Fifth Circuit explained:

> Even crediting counsel's assertion that she did not receive notification of entry of the judgment, we must dismiss this appeal for lack of jurisdiction.

> Fed.R.Civ.P. 77(d) provides in part that "Lack of notice of the entry [of judgment] by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure."[ ]

> We have applied Rule 77(d) strictly. *Barksdale v. Blackburn*, 647 F.2d 630 (5th Cir.1981) (appeal noticed 1 day late); *In re Morrow*, 502 F.2d 520 (5th Cir.1974) (appeal noticed 69 days late); *Jackson v. Decker*, 451 F.2d 348 (5th Cir.1971) (appeal noticed 75 days late). "To permit an appeal where there is failure to notify, without more, would be opposed to the clear wording and intent of Rule 77(d)." *Morrow*, 502 F.2d at 523.

> As we discuss in *Fidelity & Dep. Co. v. USAFORM Hail Pool, Inc.*, 523 F.2d 744, 749 (5th Cir.1975), underlying the rule is the implicit burden on the party and counsel to make "periodic inquiries" into the course of the proceedings....

693 F.2d 547, 548–49 (5th Cir.1982), *cert. denied*, 460 U.S. 1072, 103 S.Ct. 1528, 75 L.Ed.2d 950 (1983). More pointedly, in *Wilson v. Atwood Group*, the Fifth Circuit said in reference to the final sentence of Rule 77(d) that:

> The rule is strict, but its meaning and purpose are plain. We have consistently held that the simple failure of the clerk to mail notice of the entry of judgment, without more, does not permit relief to a party who has failed to appeal within the prescribed time. (citations omitted).

---

4. The Rule 60 motion under consideration is the first motion Mays has filed in reference to the rulings made by the court in the order entered June 28, 1994. Needless to say, it was not filed within the time limit presented by appellate Rule 4(a)(4)(F).

725 F.2d 255, 257 (5th Cir.) (*en banc*), *cert. dismissed*, 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984). And, the Court went on to say that "to be relieved from the effect of a judgment, a party must show more than mere reliance on the clerk to give notice of a judgment." *Id.* at 258. The rule followed by the Fifth Circuit is in accord with the holdings of the majority of other circuits:

> ... the courts have uniformly held that Rule 77(d) bars Rule 60(b) relief when, as here, the *sole* reason asserted for that relief is the failure of a litigant to receive notice of the entry of an order or judgment. (citations omitted).

*Spika v. Village of Lombard*, 763 F.2d 282, 286 (7th Cir.1985), *cert. denied*, 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986). The sole reason given by Mays for relief from his failure to file a timely notice of appeal as to the order entered June 28, 1994 was that he did not receive notice of entry of the order. That is a legally inadequate reason for the grant of relief under Rule 60(b).

Furthermore, even were the court to grant the main relief sought by Mays, reentry of the April 1994 judgment would be to no avail. "The mere fact that a court reenters a judgment or revises a judgment in an immaterial way does not affect the time within which litigants must pursue an appeal." *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5th Cir.1990).

### III.

*Order*

Accordingly,

The court ORDERS that the motion to vacate, and all relief sought by such motion, be, and are hereby, denied.

