# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50101

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2016

Lyle W. Cayce
Clerk

JOSE DURAN,

Petitioner-Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CV-73

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Duran, Texas prisoner # 1737234, was convicted of aggravated assault with a deadly weapon and sentenced to 60 years of imprisonment. The district court entered final judgment dismissing Duran's petition for relief under 28 U.S.C. § 2254. Duran now seeks a certificate of appealability (COA) from this court and seeks leave to proceed in forma pauperis (IFP).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50101

Although Duran filed two notices of appeal from interlocutory orders, he did not file a notice of appeal from the final judgment, and consequently we are without jurisdiction to entertain an appeal from that judgment. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Jackson v. Decker*, 451 F.2d 348, 349 (5th Cir. 1971). Also, we have no jurisdiction to review the orders denying Duran's motion to amend the petition and denying Duran IFP status on appeal, as those orders were not final and appealable *See Wallace v. Cty. of Comal*, 400 F.3d 284, 291 (5th Cir. 2005); *see also Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We note additionally that our authority to grant or deny a COA depends on the existence of a final order by the district court. *See* 28 U.S.C. § 2253(a), (c)(1). Consequently, a COA is DENIED, this appeal is DISMISSED for lack of jurisdiction, and Duran's IFP motion is DENIED.