**John T. MARTIN, Petitioner-Appellant,**

v.

**Louis WAINWRIGHT, Director, Division of Corrections, etc., et al., Respondents-Appellees.**

No. 72–1946

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 17, 1972.

Rehearing Denied Jan. 17, 1973.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

John T. Martin, pro se.

Daniel S. Dearing, Chief Trial Counsel, Dept. of Legal Affairs, Tallahassee, Fla., Robert L. Shevin, Atty. Gen., Tampa, Fla., for respondents-appellees.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from the district court's dismissal of a Civil Rights action[1] filed by an inmate of the Florida state prison at Raiford, Florida. In his complaint the appellant contended that the prison officials were denying him adequate medical attention, and he sought an order directing them to place him in a hospital other than the prison's clinic for treatment. After a response was filed which included exhibits of the appellant's prison hospital records, the district court denied relief, finding that the appellant had failed to show that there had been any abuse of the prison officials' wide latitude of discretion in treating him. It is from this ruling that the appellant seeks review.

We have concluded that this Court is without jurisdiction to adjudicate the appeal because our examination of the record shows that the appellant failed to file a timely notice of appeal as required by Rule 4(a), F.R.A.P.

After the district court dismissed the complaint on October 19, 1971, the appellant manifested no dissatisfaction with the ruling until December 30, 1971, or some 72 days after entry of judgment, at which time he filed a petition for rehearing. The petition was subsequently denied.

■ The provisions of Rule 59(b), F.R.Civ.P., make it clear that such a motion for new trial or for reconsideration must be filed within ten days of the court's judgment. The time requirement of Rule 59(b) is jurisdictional; for the court lacks authority to rule upon a motion filed beyond the statutory period. Albers v. Gant, 5th Cir. 1970, 435 F.2d 146. Moreover, an untimely motion will not toll the time for taking an appeal. Hulson v. Atchison, Topeka & Santa Fe Ry. Co., 7th Cir. 1961, 289 F.2d 726, cert. denied 1961, 368 U.S. 835, 82 S.Ct. 61, 7 L.Ed.2d 36. Cf. Maryland Tuna Corp. v. MS Benares, 2nd Cir. 1970, 429 F.2d 307.

■ Since the record in this case affirmatively discloses that no document which might reasonably be construed as a notice of appeal was filed until twelve days beyond the maximum extended time limitation under Rule 4(a), F.R.A.P., the appeal must be · dismissed for want of jurisdiction. See Tribbitt v. Wainwright, 5th Cir. 1972, 462 F.2d 600, and cases cited therein.

Appeal dismissed.

1. 42 U.S.C. § 1983.