**Lee E. ALLEN, Plaintiff-Appellee,**

v.

**Dr. Allen L. AULT, etc., et al., Defendants-Appellants.**

**No. 76–4438.**

United States Court of Appeals, Fifth Circuit.

Dec. 22, 1977.

---

Arthur K. Bolton, Atty. Gen., Harrison Kohler, Asst. Atty. Gen., Richard L. Chambers, Deputy Atty. Gen., Robert S. Stubbs, II, Exec. Asst. Atty. Gen., John C. Walden, Senior Asst. Atty. Gen., Atlanta, Ga., for defendants-appellants.

Lee E. Allen, pro se.

Edward E. Landers, pro se.

Robert H. Veal, pro se.

Hugh Don Smith, pro se.

Carol Clark, Atlanta, Ga. (Court-appointed), for plaintiff-appellee.

Before JONES, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

■ This appeal involves the application of Rule 59(b), F.R.Civ.P.[1] The issue is whether the ten-day limit applies to filing as well as to service of the motion. The trial court dismissed defendants' motion for new trial after finding that the motion, served eight days after entry of judgment but filed one day after the ten-day limit on service, was not timely within the requirement of Rule 59(b). We hold that the ten-day limit of Rule 59(b) does not determine the time for filing of a motion for new trial.

Neither the Supreme Court nor the Fifth Circuit has confronted this issue. A per curiam opinion in *Martin v. Wainwright*, 469 F.2d 1072 (CA5, 1972), held untimely a Rule 59(b) motion filed 72 days after entry of judgment but did not mention the time that the motion was served. Similarly, the per curiam opinion in *Albers v. Gant*, 435 F.2d 146 (CA5, 1970), held untimely a motion for new trial filed 32 days after entry of judgment but did not mention the time that the motion was served. We are unwilling to assume that service in *Martin* or in *Albers* was accomplished within the limits of Rule 59(b). Accordingly we do not regard the *Martin* and *Albers* discussions of Rule 59(b) filing requirements to be controlling.

■ Federal courts and commentators who have confronted this issue have concluded that Rule 59(b) applies to time of service and not to time of filing and that Rule 5(d), F.R.Civ.P., governs time of filing. *See Sadowski v. Bombardier Ltd.*, 527 F.2d 1132 (CA7, 1975); *Claybrook Drilling Co. v. Divanco, Inc.*, 336 F.2d 697 (CA10, 1964); 2 Moore's Federal Practice, ¶ 5.10, p. 1381 (2d ed. 1977); 11 Wright & Miller, Federal Practice and Procedure: Civil § 2812 n. 47 (1973). *See also Keohane v. Swarco, Inc.*, 320 F.2d 429 (CA6, 1963). We find these authorities persuasive.

Accordingly, the order of dismissal is REVERSED and the cause REMANDED for a determination whether the filing of the motion was timely within Rule 5(d), F.R.Civ.P.

1. "A motion for a new trial shall be served not later than 10 days after the entry of the judgment."