818 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dene R. FRANCIS, Plaintiff-Appellant,
v.
C.C. MATTOX; M. McCutcheon; Louisa Brown; William D.
Leeke, Defendants- Appellees.
 No. 87-6007.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 27, 1987.
Decided April 28, 1987.
 
 Dene R. Francis, appellant pro se.
 Stephen P. Hughes, for appellees Mattox and McCutcheon.
 Gerald Frederick Smith, for appellees Brown and Leeke.
 D.S.C.
 REMANDED.
 Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, District Judge. (C/A No. 86-68)
 Before WIDENER, PHILLIPS and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Dene R. Francis appeals the district court's dismissal of his civil action brought pursuant to 42 U.S.C. Sec. 1983. The case was referred to a magistrate for report and recommendation pursuant to 28 U.S.C. Sec. 636(b)(1). In a report entered September 24, 1986, the magistrate recommended that the case be dismissed. The report included a notice of the time limits within which to object to the report and the consequences for appellate review of a failure to object. No objections were filed. On October 24, 1986, the district court noted that no objections had been filed and adopted the magistrate's report and dismissed the case. On November 14, 1986, the court filed a document submitted by Francis entitled "Exceptions to Decision of Court." In the document Francis alleged that he had never received a copy of the magistrate's report. He requested a copy of the report and sufficient time within which to respond to it or leave to appeal the district court's decision. The certificate of service attached to the document indicated that it had been served on defendants' counsel by mail on November 1, 1986. See Fed. R. Civ. P. 5(b) (service by mail is complete upon mailing). The district court did not act on the document. On January 2, 1987, Francis filed a second notice of appeal. This notice was filed 70 days after the date that judgment was entered. Appellees have moved to dismiss the appeal on the ground that the notice of appeal was untimely.
 
 
 2
 Because the "Exceptions to Decision of Court" was served within ten days of entry of judgment and called into question the correctness of the judgment it should be treated as a motion under Fed. R. Civ. P. 59(e) regardless of how it is styled. See Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978).
 
 
 3
 Fed. R. Civ. P. 59 provides in pertinent part:
 
 
 4
 (b) Time for Motion. A motion for a new trial shall be served not later than 10 days after the entry of judgment.
 
 
 5
 * * * * * * *
 
 
 6
 * * *
 
 
 7
 (e) Motion to Alter or Amend a Judqment. A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.
 
 
 8
 (Emphasis added).
 
 
 9
 The plain language of Rule 59(b) and (e) indicates that the motion must be served within ten days of the entry of judgment. The date of the filing in the district court is not the deciding factor in determinations of timeliness. See Clayton v. Douqlas, 670 F.2d 143, 144 (10th Cir.) (per curiam), cert. denied, 457 U.S. 1109 (1982). Accord Peake v. First National Bank & Trust Co. of Marcuette, 717 F.2d 1016, 1019 n.5 (6th Cir. 1983); Wall v. United States, 592 F.2d 154, 162-63 (3d Cir. 1979); Allen v. Ault, 564 F.2d 1198, 1199 (5th Cir. 1977). A timely Rule 59 motion tolls the running of the time limit in which to note an appeal. A notice of appeal filed before the disposition of the motion has no effect. See Gricqs v. Provident Consumer Discount Co., 459 U.S. 56 (1982); Fed. R. App. P. 4(a)(4). The appeal is not properly before this Court until a ruling has been made on the motion and a timely notice of appeal is filed within the thirty-day period after the date the order is entered disposing of the Rule 59 motion.
 
 
 10
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, dismiss the appeal as premature and remand the case to the district court for a ruling on the Fed. R. Civ. P. 59 motion.
 
 REMANDED