**LARRY MURPHY DUMP TRUCK SERVICE, INC., Appellant,**

v.

**SAM ABDALLA ENTERPRISES, Appellee.**

[Cite as *Larry Murphy Dump Truck Service, Inc. v. Sam Abdalla Enterprises* (1996), —— Ohio App.3d ——.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 94–J–61.

Decided Sept. 26, 1996.

*Kenneth J. Cardinal,* for appellant.

*R. Eric Kibler,* for appellee.

---

Cox, Judge.

This timely appeal arises from the trial court's granting of a motion for a new trial herein pursuant to Civ.R. 59(A)(1), 60(B)(1), 60(B)(2) and 60(B)(5), finding that it was warranted for good cause shown.

The underlying facts in this matter are that on September 20, 1993, a complaint for money was filed by plaintiff-appellant, Larry Murphy Dump Truck Service, Inc., against defendant-appellee, Sam Abdalla Enterprises, in the Jefferson County Common Pleas Court. On October 18, 1993, appellee filed an answer, along with a counterclaim, and this case proceeded to bench trial on September 23, 1994. Following trial, the court granted judgment in favor of appellant and awarded him the sum of $12,557.

On October 7, 1994, appellee filed a motion for a new trial pursuant to Civ.R. 59(A)(1), 59(A)(6) and 59(A)(9). A hearing on the motion was held on October 17, 1994. On October 18, 1994, the trial court filed its judgment entry, vacating the judgment rendered in favor of appellant and granting appellee's motion for a new trial.

Appellant sets forth three assignments of error on appeal.

Appellant's first assignment of error alleges:

"The court erred as a matter of law in granting appellee's motion for a new trial under Civil Rule 59 when the motion was not timely served in accordance with Civil Rule 59(B) within fourteen (14) days after entry of judgment."

A review of the record reflects that on September 23, 1994, the trial court's judgment in favor of appellant was journalized. Appellee filed a motion for new trial on October 7, 1994, attaching a proof of service which certified that a copy of the motion was mailed to opposing counsel the same day. Appellant alleges that the motion was not timely served, as it did not receive it until October 12, 1994, by way of a transmittal letter from appellee's counsel dated October 10, 1994.

Civ.R. 59(B) provides:

"Time for Motion. A motion for a new trial shall be served not later than fourteen days after the entry of the judgment."

Appellant relies upon the case of *Allen v. Ault* (C.A.5, 1977), 564 F.2d 1198, for the proposition that a motion for a new trial is valid only if served within fourteen

days upon the opposing party, not merely filed with the clerk of court. Though persuasive, *Allen* is not controlling case law in Ohio. Civ.R. 6(E) provides:

"Time: Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. This subdivision does not apply to responses to service of summons under Rule 4 through Rule 4.6."

■ In order to protect and ensure the parties' constitutional opportunity to be heard, Civ.R. 58(B) requires that the clerk of court mail notice of the court's journal entry of judgment to the parties within three days of entry. The record in the case at bar indicates that the clerk mailed the notice of the judgment. Therefore, the parties herein were permitted to add the three additional days to the prescribed time limits.

Civ.R. 5(B) provides that service by mail is complete upon mailing. Assuming *arguendo* that appellee's motion was mailed on October 10, 1994 as appellant alleges, this is within the time limits prescribed by Civ.R. 59(B) and 6(E).

Appellant's first assignment of error is found to be without merit.

Appellant's second assignment of error alleges:

"The court erred as a matter of law in granting a new trial on a motion wholly devoid of any articulated basis in fact, affidavit of operative facts or substantive law in support of a new trial. Mere conclusory statements are insufficient to grant a new trial."

The guidelines for granting relief under Civ.R. 60(B) have been established by the Ohio Supreme Court in *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, wherein the court held at paragraph two of its syllabus:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

■ Appellee stated as its grounds for relief in its motion for new trial that it did not have the opportunity to submit findings of fact and conclusions of law prior to the trial court's decision. The final determination of a motion for relief from judgment falls within the sound discretion of the trial court. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, 566–567.

Appellant's second assignment of error is found to be without merit.

Appellant's third assignment of error alleges:

"The court abused its discretion in granting a new trial on grounds of a Civil Rule 59(A)(1) and 60(B)(1), 60(B)(2) and 60(B)(5) without stating in writing the grounds upon which the new trial is granted. It is mandatory for the trial court to explain the basis for the decision and failure to do so constitutes reversible error."

The Ohio Supreme Court in *Tracy v. Merrell Dow Pharmaceuticals, Inc.* (1991), 58 Ohio St.3d 147, 152, 569 N.E.2d 875, 880, held:

"Abuse of discretion connotes more than an error of law of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."

Appellant complains that in granting appellee's motion for new trial, the trial court failed to state any reasons and/or conclusions of law for its decision.

The trial court's judgment entry dated October 18, 1994, granting appellee's motion for new trial, states:

"The Court finds for good cause shown, that a new trial is warranted pursuant to Civ.R. 59(A)(1) and 60(B)(1), 60(B)(2) and 60(B)(5).

"A new trial is hereby ordered to be held at a date to be determined."

In *Rose Chevrolet, Inc., supra,* the Ohio Supreme Court asserted:

"Civ.R. 60(B) is a remedial rule to be liberally construed with a view toward effecting a just result." *Id.,* 36 Ohio St.3d at 21, 520 N.E.2d at 567.

The trial court's judgment entry sufficiently stated the grounds as being for "good cause shown" in reaching its decision with regards to appellee's motion for new trial, and we do not find that the trial court abused its discretion in so ruling.

Appellant's third assignment of error is found to be without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

O'NEILL, P.J., concurs.

DONOFRIO, J., concurs separately.

GENE DONOFRIO, Judge, concurring.

I respectfully concur with the majority opinion herein and add a few brief comments as to the third assignment of error.

Appellant argues that the trial court failed to state a basis for granting a new trial, which constitutes reversible error under Civ.R. 59(B) and Civ.R. 60. The trial court set for hearing appellee's motion for new trial on October 17, 1994. No one appeared on behalf of appellant at that hearing. Counsel for appellee appeared and addressed the court. Appellee's counsel represented to the court that additional evidence had been discovered since the date of the original trial in this matter. Appellee's counsel indicated that this newly discovered evidence would reflect that evidence presented at the trial by appellant was false.

At the end of the hearing the court indicated that it would grant a new trial and entered judgment accordingly on the basis of "good cause shown."

The trial court's judgment entry stating the grounds as being for "good cause shown" and read in conjunction with appellee's motion and the hearing thereon states sufficient grounds for the trial court's proper exercise of its discretion.

I concur that appellant's assignments of error herein are without merit.