MARTIN, Appellee,

v.

LESKO, Appellant.

[Cite as *Martin v. Lesko* (1999), 133 Ohio App.3d 752.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17530.

Decided June 25, 1999.

*Richard S. Sutton,* for appellee.

*John K. Benintendi,* for appellant.

FAIN, Judge.

Defendant-appellant, Richard Lesko, appeals from a judgment entered upon an arbitration award in favor of plaintiff-appellee, George Martin. Lesko also appeals from the trial court's denial of his motion for relief from the judgment.

Lesko contends that the trial court erred in its construction of Civ.R. 6(E) and that, with the additional three-day period provided for by Civ.R. 6(E), his appeal from the arbitration award was timely filed. In the alternative, Lesko argues that his failure, by one day, to file the notice of appeal from the arbitration award within the time prescribed by the local rules did not justify the extreme sanction of entering judgment against him, thereby depriving him of his right to trial by jury, and that the trial court abused its discretion in denying his motion for relief from judgment.

We agree with the trial court's construction of Civ.R. 6(E). However, we conclude that Lesko's mistake constituted excusable neglect and did not show disregard for the trial court's rules or for the rights and interests of the other party. Accordingly, we conclude, under the circumstances of this case, that the trial court abused its discretion in denying Lesko's motion for relief from judgment. The judgment of the trial court is reversed, and this cause is remanded for trial on the merits.

I

Martin and Lesko were involved in an automobile accident in 1997. Martin brought an action against Lesko for damages for personal injuries sustained in the accident. Lesko demanded a jury.

Pursuant to local rules of the Montgomery County Common Pleas Court, the trial court set this matter for arbitration. An arbitration hearing was held, and the arbitration panel awarded Martin $12,150. It appears that Lesko did not contest his liability, and that the issue at the hearing was the extent of Martin's injuries caused by the accident.

The arbitration award was filed on September 11, 1998. Pursuant to Loc.R. 2.35(X)(F), of the Montgomery County Common Pleas Court, "All [arbitration] reports and awards shall be final and shall have the legal effect of a verdict unless they are appealed as provided herein. If no appeal is made and the time for an appeal has expired, the prevailing parties shall be responsible for preparing and submitting a judgment entry to the assigned judge and the Court shall enter judgment in accordance with the report and award." *Id.*

Loc.R. 2.35(XI)(A) provides that an appeal from an arbitration award "shall be taken * * * within twenty-one (21) days after the entry of the award * * * on the docket in the office of the Clerk of Courts." Thus, Lesko was required to file his appeal from the arbitration award on or before Friday, October 2, 1998, being twenty-one days after the entry of the award on September 11, 1998. Lesko's out-of-town counsel mailed the notice of appeal on September 30, 1998, but it was not filed in the clerk's office until Monday, October 5, 1998, one business day late.

The trial court, finding that Lesko's notice of appeal was not timely filed, entered judgment on the award, in the amount of $12,150.

Lesko moved for relief from judgment pursuant to Civ.R. 60(B)(5). Lesko contended that his notice of appeal from the arbitration award was timely filed, in view of Civ.R. 6(E), but that, in the alternative, if the trial court should hold that his notice of appeal was not timely filed, he should nevertheless be entitled to relief from the harsh result of judgment being taken against him. Lesko submitted affidavits of his attorney and his attorney's secretary. He also submitted a letter from Raymond Spriggs, M.D., who had examined Martin and whose report had been received in evidence, by stipulation, at the arbitration hearing.

The trial court overruled Lesko's motion for relief from judgment. Lesko appeals from the judgment rendered against him and from the order of the trial court overruling his motion for relief from judgment.

## II

Lesko's first assignment of error is as follows:

"The trial court erred to the prejudice of the defendant–appellant by not applying Ohio Rule of Civil Procedure 6(E)."

Civ. R. 6(E) provides as follows:

"Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be

added to the prescribed period. This subdivision does not apply to responses to service of summons under Rule 4 thru Rule 4.6."

Lesko contends that pursuant to Civ.R. 6(E), he had three additional days in which to file his notice of appeal from the arbitration award.

We agree with Martin, however, that the additional time period provided for Civ.R. 6(E) applies only to periods of time commenced by the service of a notice or paper upon the party against whom the time runs, and has no application when the time period is commenced by the filing of a document with the clerk of courts. *Pogacsnik v. Jewett* (July 29, 1992), Lorain App. No. 91–CA–5216, unreported, 1992 WL 181011; *Pulfer v. Pulfer* (1996), 110 Ohio App.3d 90, 92, 673 N.E.2d 656; *Hucke v. Hucke* (Aug. 31, 1990), Montgomery App. No. 11882, unreported, 1990 WL 125700.

Lesko cites *Lazarevich v. Staudacher* (Nov. 13, 1990), Mahoning App. No. 89–CA–144, unreported, 1990 WL 177677. In that case, the court of appeals upheld a trial court's order granting relief from a judgment entered on an arbitration award. In its opinion, the court of appeals held that Civ.R. 6(E) did apply in that case because, although the time period for perfecting a notice of appeal from an arbitration award began to run pursuant to Loc.R. 7(O) of the Mahoning County Common Pleas Court with the filing of the original report with the clerk of court's office, another local rule, 7(L), required that the Board of Arbitrators forward copies of the award to counsel for the parties. This decision of the Seventh District Court of Appeals was specifically disapproved by the Ninth District Court of Appeals in *Klaus v. Convenient Food Mart* (June 5, 1991), Medina App. No.1972, unreported, 1991 WL 108519. We also disapprove of the holding in *Lazarevich, supra.* In our view, the crucial question is, what is the event that triggers the time period? Where, as in the case before us, that event is the filing of a document with the clerk of courts, it is immaterial that copies of that document, or other documents, are contemporaneously required to be served upon the parties. Where the triggering event is the service, by mail, of a paper upon a party, Civ.R. 6(E) applies; where the triggering event is the filing of a document, it does not apply.

Lesko's first assignment of error is overruled.

### III

Lesko's second and third assignments of error are as follows:

"The trial court abused its discretion in not vacating its entry dated October 26, 1998.

"The trial court abused its discretion by denying defendant–appellant motion for relief from judgment."

In both of these assignments of error, Lesko is essentially arguing that the trial court abused its discretion by depriving him of his right to a jury trial on the issues made up by the pleadings, entering judgment upon the arbitration award, and denying his motion for relief from that judgment, based upon the fact that his notice of appeal from the arbitration award was filed one business day late under the local rules.

Although Lesko's motion for relief from judgment was styled as being made pursuant to Civ.R. 60(B)(5), from the text of that motion and supporting memorandum it is clear that he was arguing, in the alternative, that if the trial court should hold that Civ.R. 6(E) did not apply, his failure by one day to file a timely notice of appeal from the arbitration award constituted excusable neglect, which is a basis for relief from judgment pursuant to Civ.R. 60(B)(1).

■ Lesko contends that local rules of court may not enlarge, reduce, or otherwise affect the jurisdiction of that court. We agree. Pursuant to Civ.R. 82, the Rules of Civil Procedure shall not be construed to extend or limit the jurisdiction of the courts of Ohio. Perforce, local rules may not do so. See *Richerson v. Patten* (1992), 83 Ohio App.3d 895, 615 N.E.2d 1136. Consequently, the trial court had discretion to relieve Lesko from the harsh consequence of depriving him of his right to a jury trial merely because he was one day late in filing his notice of appeal from the arbitration award.

■ The question is whether Lesko's failure constituted excusable neglect. In our view, it did. At least one court of appeals, the Seventh District Court of Appeals, has held that Civ.R. 6(E) does apply to enlarge the time within which to file a notice of appeal from an arbitration award, in a case in which the relevant language of the local rule pertaining to the commencement of the time within which to file the appeal was indistinguishable from the language of the local rule in the case before us. *Lazarevich v. Staudacher, supra.* Although we do not agree with that decision, the fact that at least one appellate court agrees with Lesko's interpretation of Civ. R. 6(E) suggests that his mistake is excusable. Furthermore, Lesko's tardiness, by one business day, in the filing of his notice of appeal does not demonstrate a substantial disregard for the trial court's local rules or the rights of the other party. Also, Martin has made no convincing demonstration that he has been prejudiced as a result of Lesko's tardiness by one business day. Martin contends that he would be prejudiced by the vacation of the judgment in his favor, but that is immaterial. Had Lesko filed his notice of appeal one business day earlier, a judgment could not have been entered upon the award. Therefore, it is the one-day delay in the filing of the notice of appeal to which prejudice must attach, and Martin has not shown such prejudice.

■ Martin contends that Lesko has failed to demonstrate the existence of a meritorious defense, which is required for relief from judgment. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113. Martin takes exception to the letter from Dr. Spriggs offered by Lesko in support of his motion for relief from judgment, because it is not in affidavit form. However, Lesko points out that by stipulation Spriggs's unsworn report was received in evidence and considered at the arbitration hearing. Under these circumstances, we are satisfied that Lesko has demonstrated the existence of a meritorious defense (relating to the extent of the damages proximately caused by his negligence) that he can present if he is allowed his right to a trial by jury.

Under the particular facts of this case, we conclude that the trial court abused its discretion when it denied Lesko's motion for relief from judgment. Lesko's second and third assignments of error are sustained.

## IV

At oral argument, for the first time, Lesko argued that Loc.R. 2.35, in providing for twenty-one days within which to perfect an appeal from an arbitration award, is in derogation of Sup.R. 15(A)(2)(d), which, in authorizing mandatory arbitration plans, requires that any mandatory arbitration plan shall include a provision for an appeal from an arbitration award "within thirty days after filing of the award with the clerk of court." We question whether it is appropriate for us to consider this argument, which was not made in the trial court. In any event, we find it unnecessary to consider this argument, in view of our disposition of Lesko's second and third assignments of error, and we decline to do so.

## V

Lesko's second and third assignments of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for trial on the merits.

*Judgment reversed*
*and cause remanded.*

BROGAN and FREDERICK N. YOUNG, JJ., concur.