HARVEY, APPELLEE, *v.* HWANG ET AL.; ILLINOIS NATIONAL
INSURANCE COMPANY, APPELLANT.

[Cite as *Harvey v. Hwang*, 103 Ohio St.3d 16, 2004-Ohio-4112.]

(No. 2003–1066—Submitted April 28, 2004—Decided August 18, 2004.)

MOYER, C.J.

{¶ 1} Anne Marie Harvey, appellee, filed a complaint alleging that she had been injured in an automobile accident caused by the negligence of Yong Hwang and the driver of an unidentified or phantom vehicle. She also named as defendants a number of insurance companies, including the appellant, Illinois National Insurance Company ("INIC"). Harvey claimed that a policy issued by INIC to her employer provided her excess uninsured motorists coverage pursuant to our decision in *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.[1]

{¶ 2} The case was tried to a jury, and, on December 30, 2002, the trial court entered final judgment against INIC in the amount of $8,531,488, expressly noting that the judgment constituted a final appealable order. The next day, the clerk of the common pleas court certified that copies of the court's decision and judgment entry had been sent by regular mail to counsel of record for INIC.

1. We markedly restricted *Scott–Pontzer* on November 5, 2003, in *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.

{¶ 3} On January 15, 2003, 16 days after entry of the court's final judgment, INIC served on opposing counsel, and filed with the court, a motion for judgment notwithstanding the verdict ("JNOV"), or in the alternative, for new trial, or for remittitur. In response, Harvey moved the court to strike INIC's posttrial motion, observing that pursuant to Civ.R. 50(B) and 59(B), a party has "fourteen days after" the entry of judgment to file a motion for JNOV or serve a motion for a new trial, and further observing that Civ.R. 6(B) forbids a trial court to extend those 14–day deadlines. In response to Harvey's challenge to the timeliness of this motion, counsel for INIC acknowledged that on January 3, 2003, he received a copy of the December 30, 2002 final judgment entry in the mail.

{¶ 4} The trial court overruled the motion for JNOV on February 25, 2003, without discussing its timeliness. It summarily entered judgment overruling the motion for a new trial on March 4, 2003.

{¶ 5} On March 13, 2003, INIC filed a single notice of appeal seeking to appeal the three judgments, i.e., the December 30 judgment entry on the verdict, the February 25 entry overruling its motion for JNOV, and the March 4 entry denying a new trial. Harvey, however, filed a motion seeking dismissal of INIC's appeal. She asserted again, as she had in the trial court, that INIC's motion seeking JNOV, or alternatively, a new trial had not been timely filed. She argued that the court of appeals lacked jurisdiction to hear INIC's appeal of the December 30, 2002 judgment entry on the verdict, because INIC had not filed its notice of appeal of that judgment within 30 days after entry, as required by App.R. 4(A). In addition, she asserted that App.R. 4(B)(2) did not provide an extension of that time because INIC's motion for JNOV or a new trial was itself not timely filed. That rule provides that where a *timely* Civ.R. 50(B) motion for JNOV or a *timely* Civ.R. 59(B) motion for new trial has been filed, "the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered."

{¶ 6} In response, INIC contended that its motion for JNOV and a new trial had been timely filed in the trial court. It claimed that Civ.R. 6(E) provided three additional days for filing the Civ.R. 50(B) and 59(B) motion because the clerk of the trial court had served notice of the judgment on the verdict by ordinary mail.

{¶ 7} The court of appeals disagreed and held that the motion for JNOV and a new trial was not timely filed or served within 14 days after entry of judgment as required by Civ.R. 50(B) and 59(B). It rejected INIC's argument that Civ.R. 6(E) extended the deadline for these motions by three additional days from the date the court entered judgment on the verdict. It concluded that "[s]ince the judgment appealed from in this case was entered on December 30, 2002, INIC was required to file its motions for judgment notwithstanding the verdict and for

new trial within fourteen (14) days or on or before January 13, 2003. The motions were filed two days late on January 15, 2003." The court entered judgment dismissing the appeal of the December 30 judgment entry on the $8.5 million verdict as untimely filed.

{¶ 8} INIC timely filed a motion to certify a conflict pursuant to Section 3(B)(4), Article IV, Ohio Constitution and App.R. 25. It asserted that the judgment of the court of appeals conflicted with the judgment of the Seventh District in *Larry Murphy Dump Truck Serv., Inc. v. Sam Abdalla Ents.* (1996), 114 Ohio App.3d 271, 683 N.E.2d 64.

{¶ 9} The court of appeals granted the motion and certified the following question for our resolution: "[W]hether Civ.R. 6(E) extends the time for filing a motion for new trial under Civ.R. 59(B) or motion for judgment notwithstanding the verdict under Civ.R. 50(B) beyond 14 days after the entry of judgment when the judgment entry is mailed to the parties."

{¶ 10} We agreed to answer the certified question. 99 Ohio St.3d 1509, 2003-Ohio-3957, 792 N.E.2d 197. We today answer it in the negative. We hold that Civ.R. 6(E) does not apply to extend by three days the time for filing a Civ.R. 50(B) motion for JNOV or for serving a Civ.R. 59 motion for a new trial where a clerk of a trial court serves notice of a judgment to the parties by ordinary mail.

{¶ 11} Our conclusion is mandated by the clear language of those rules. Civ.R. 50(B) provides that a motion for JNOV may be filed "not later than fourteen days after entry of judgment." Similarly, Civ.R. 59(B) provides that a motion for a new trial shall be served "not later than fourteen days after the entry of the judgment."

{¶ 12} Civ.R. 6(E) provides that whenever "a party has the right or is required to do some act or take some proceedings *within a prescribed period after the service* of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period." (Emphasis added.) Civ.R. 50(B) and 59(B) provide parties the right to file a motion for JNOV and to serve a motion for a new trial within the prescribed period of 14 days after entry of judgment—not "within a prescribed period after the service of a notice or other paper."

{¶ 13} Civ.R. 12 supplies an example where Civ.R. 6(E) applies. Civ.R. 12(A)(1) provides, "The defendant shall serve his answer within twenty-eight days *after service* of the summons and complaint upon him." (Emphasis added.) Civ.R. 12(A)(2) provides that a party served with a pleading stating a cross-claim against him shall serve an answer thereto within 28 days *after the service upon him* of the pleading. Similarly, Civ.R. 15(A), governing amended pleadings, provides that a party "shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days *after*

*service* of the amended pleading, whichever period may be the longer, unless the court otherwise orders." (Emphasis added.) See, also, Civ.R. 31(A) (providing a party the right to serve cross-questions to depositions upon written questions within 21 days "*after* the notice and written questions *are served*" [emphasis added] ); Civ.R. 38(C) (allowing a party to demand a jury trial on additional issues "within fourteen days *after service* of the demand for jury trial on specified issues" [emphasis added] ).

{¶ 14} The act of entering judgment is distinct from the act of serving notice of the entry of judgment. See Civ.R. 58(B): "Within three days of *entering the judgment upon the journal,* the clerk *shall serve* the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)." (Emphasis added.)

{¶ 15} App.R. 4(A) also clearly recognizes that entry of judgment and service of the notice of judgment are two distinct acts: "A party shall file the notice of appeal * * * within thirty days of *the later of entry of the judgment* * * *, or,* in a civil case, *service of the notice* of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) * * *." (Emphasis added.) In short, we reject the appellant's contention that entry of judgment does not occur until the clerk serves notice of the entry of judgment.

{¶ 16} Our construction of these rules is consistent with the greater weight of authority both in Ohio and elsewhere. See, e.g., *Martin v. Lesko* (1999), 133 Ohio App.3d 752, 756, 729 N.E.2d 839 (Civ.R. 6[E] does not extend time for filing an appeal from an arbitration award where time runs from the date of "entry of the award"); *Socorro Livestock Market, Inc. v. Orona* (1978), 92 N.M. 236, 586 P.2d 317 (party notified of judgment by mail cannot take advantage of three-day extension in Civ.R. 6[e] to appeal); *Ex Parte Thrailkill* (Ala.Civ.App.1989), 543 So.2d 1201 (same); *Cavaliere v. Allstate Ins. Co.* (C.A.11, 1993), 996 F.2d 1111, 1113–1114 (citing *Sonnenblick–Goldman Corp. v. Nowalk* [C.A.3, 1970], 420 F.2d 858, and *Flint v. Howard* [C.A.1, 1972], 464 F.2d 1084, 1087, for the proposition that Fed.R.Civ.P. 6[e] does not provide three extra days for the filing of a motion for new trial). Indeed, the Sixth Circuit has observed that every court that has considered the narrow issue whether Fed.R.Civ.P. 6(e) provides an extra three days to invoke Rule 59 has rejected that argument. *FHC Equities, L.L.C. v. MBL Life Assur. Corp.* (C.A.6, 1999), 188 F.3d 678, 681–682 (listing cases). See, also, Weissenberger's Ohio Civil Procedure 2000 Litigation Manual (1999) 63 ("Properly construed, Rule 6[E] applies only to time periods that are triggered by the *service* of a document or notice. Time periods that are triggered by acts

other than a service of a document or notice are not subject to the 3–day extension" [emphasis sic]); 1 Baldwin's Ohio Practice: Klein & Darling, Civil Practice (1997) 604, Section AT 6–42 ("Rule 6[E] is limited to situations in which action is required after *service* of a notice or other paper" [emphasis sic]).

{¶ 17} Our holding is also consistent with our decision in *Duganitz v. Ohio Adult Parole Auth.* (2001), 92 Ohio St.3d 556, 557, 751 N.E.2d 1058. We there held that Civ.R. 6(E) does not apply to extend the time to file objections to a magistrate's decision issued pursuant to Civ.R. 53(E). Civ.R. 53(E) provides a party with the opportunity to file written objections to a magistrate's decision "within fourteen days of the filing of the decision." Civ.R. 53(E)(3)(a).

{¶ 18} INIC presents numerous policy arguments in support of its contention that it should be credited with three extra days to file a Civ.R. 50(B) or serve a 59(B) motion where a trial court clerk uses ordinary mail to fulfill its obligation under Civ.R. 58 to notify parties of the entry of judgment. These arguments might constitute grounds for reviewing Civ.R. 6(E) for possible amendment— they do not overcome, however, the unambiguous language of its text.

{¶ 19} The fourteenth day after entry of judgment on the verdict was January 13, 2003, and that date was thus the last day INIC could timely file a motion for JNOV or serve a motion for a new trial. INIC did not timely file or serve its motion within that deadline. Therefore, INIC was required to file a notice of appeal of the $8,531,488 judgment against it within 30 days from its entry, i.e., on or before January 29, 2003. INIC did not timely file a notice of appeal on or before that date, and the judgment against it then became final.

Judgment affirmed.

RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DON-NELL, JJ., concur.

---

Wiles, Boyle, Burkholder & Bringardner Co., L.P.A., Dale D. Cook and Michael L. Close, for appellant.

Brenner, Brown, Golian McCaffrey Co., L.P.A., Philip F. Brown and Michael E. Heffernan; Stephen J. Brown Co., L.P.A., and Stephen J. Brown, for appellee.