OPINION
{¶ 1} Appellant Gordon Williams appeals from the denial of his request for relief from judgment in the Delaware County Court of Common Pleas. Appellee Aubrey Lou Williams is appellant's former spouse. The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were divorced in Delaware County on March 6, 1996, after a marriage of more than forty years. Among the orders in the divorce decree was an award to Appellee Aubrey of one-half of Appellant Gordon's ITT retirement and disability benefits, to be paid via a Qualified Domestic Relations Order ("QDRO").
 {¶ 3} In August, 2001, Appellee Aubrey filed a post-decree motion to compel appellant to sign the QDRO. This resulted in a judgment entry on October 31, 2002, setting forth the following orders of the court:
 {¶ 4} "1. The Husband is in contempt of court for failing to execute the QDRO. The Husband shall sign the letter dated March 29, 2001 from ITT, the addendum to the letter correcting the QDRO of January 24, 2001 and the addendum to the letter describing the effect thereof at the office of the Wife's attorney within 14 days of the date hereof. Failure to do so shall result in the arrest of the Husband and his confinement in the Delaware County jail until he signs said documents. In lieu thereof if ITT will accept the documents signed by the Wife and approved by this order, the jail sentence is discharged.
 {¶ 5} "2. The designation of the Wife as beneficiary of the pension during the 10 year certain option period of the pension be made irrevocable. A copy of this Order be served on the plan. The Husband and plan administrator is [sic] hereby restrained from changing the beneficiary.
 {¶ 6} "3. The Husband irrevocably designate the Wife the beneficiary of his insurance with ITT. A copy of this Order be served on the Insurer. The Husband and the Insurer are hereby restrained from changing the beneficiary." Judgment Entry, October 31, 2002, at 3-4.
 {¶ 7} No appeal was taken from the judgment entry of October 31, 2002. However, on November 3, 2003, appellant filed a pro se motion for relief from judgment (Civ.R. 60(B)) and "motion for hearing to bifurcate" regarding said judgment entry. After conducting three hearings, the magistrate issued a decision on May 10, 2004, denying both motions. Appellant, with leave of court, filed objections to the decision of the magistrate on November 5, 2004. On April 5, 2005, after conducting a review, the trial court issued judgment entries overruling the objections and dismissing appellant's motion for relief from judgment and motion to bifurcate.
 {¶ 8} On May 5, 2005, appellant filed a notice of appeal. He herein raises the following five Assignments of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN ITS DECISION WHEN IT FOUND THAT DEFENDANT HAD NOT TIMELY FILED A MOTION FOR RELIEF FROM JUDGMENT.
 {¶ 10} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO ABIDE BY APPLICABLE LOCAL RULES.
 {¶ 11} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT MODIFIED THE DIVISION OF PROPERTY WITHOUT JURISDICTION AND IN VIOLATION OF THE DOCTRINE OF RES JUDICATA.
 {¶ 12} "IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO CONDUCT AN EVIDENTIARY HEARING ON THE COMPUTATION FOR ALLEGED DAMAGE TO WIFE BY HUSBAND.
 {¶ 13} "V. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO DIVIDE THE PERSONAL PROPERTY AS PER THE DIVORCE DECREE."
 I. {¶ 14} In his First Assignment of Error, appellant contends the trial court erred in finding his motion for relief from judgment was untimely filed. We disagree.
 {¶ 15} In order to prevail on a motion brought pursuant to Civ.R. 60(B), "* * * the movant must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken."Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328, citing GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. Argo at 391, 474 N.E.2d 328.
 {¶ 16} Appellant argues that his 60(B) motion, filed Monday, November 3, 2003, while not made within one year of the post-decree judgment entry of October 31, 2002, was nonetheless timely in light of the additional time allowances under Civ.R. 6(E).[1]
 {¶ 17} Civ.R. 6(E) states: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period. * * *." The question we must address, which is apparently one of first impression in this Court, is whether Civ.R. 6(E) can be utilized to extend by three days the time limit for filing a motion under Civ.R. 60(B)(1), (2) or (3). We conclude it cannot.
 {¶ 18} "[T]he additional time period provided for Civ.R. 6(E) applies only to periods of time commenced by the service of a notice or paper upon the party against whom the time runs, and has no application when the time period is commenced by the filing of a document with the clerk of courts." Martin v. Lesko
(1999), 133 Ohio App.3d 752, 756, 729 N.E.2d 839, citingPogacsnik v. Jewett (July 29, 1992), Lorain App. No. 91-CA-5216, (additional citations omitted). In other words, "[w]here the triggering event is the service, by mail, of a paper upon a party, Civ.R. 6(E) applies; where the triggering event is the filing of a document, it does not apply." Martin, supra. We note Civ.R. 60(B) itself uses the language "not more than one year after the judgment, order or proceeding was entered ortaken." (Emphasis added). Thus, Civ.R. 60(B) clearly does not trigger the running of the one-year limitation with a service of notice requirement. Cf. Harvey v. Hwang, 103 Ohio St.3d 16,812 N.E.2d 1275, 2004-Ohio-4112 (addressing a similar question in the context of a Civ.R. 50(B) motion for judgment notwithstanding the verdict).
 {¶ 19} In the case sub judice, we hold the last day for appellant to file his Civ.R. 60(B)(1) motion would have been Friday, October 31, 2003. The trial court thus did not err in denying appellant's request for relief from judgment as untimely. Appellant's First Assignment of Error is therefore overruled.
 II., IV. {¶ 20} In his Second and Fourth Assignments of Error, appellant contends the trial court erroneously failed to apply unspecified local rules or conduct an evidentiary hearing. Appellant's brief on these points solely recites some portions of transcript, and provides no further discussion. Appellant thus clearly fails to set forth "[a]n argument containing the contentions of the appellant with respect to [the] assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies," in regard to these issues, as per App.R. 16(A)(7). See, e.g., Knox v. Clark,
Fairfield App. No. 03 CA 95, 2004-Ohio-4461, ¶ 22.
 {¶ 21} Upon review, we find no errors as suggested by appellant. Appellant's Second and Fourth Assignments of Error are overruled.
 III. {¶ 22} In his Third Assignment of Error, appellant claims the order of the trial court on October 31, 2002, to have appellant irrevocably designate appellee as the beneficiary of his ITT life insurance, was a violation of the doctrine of res judicata. However, the judgment entry under appeal in the case sub judice is the denial of appellant's motion for relief from judgment and motion to bifurcate, issued April 5, 2005. Hence, appellant's present attempt to raise issues pertaining to alleged post-decree property division should have been raised in a direct appeal from the judgment entry of October 31, 2002, under the strictures of App.R. 4. It is well-settled that a party may not use a Civ.R. 60(B) motion as a substitute for a timely appeal. Doe v.Trumbull Cty. Children Services Bd. (1986), 28 Ohio St.3d 128, paragraph two of the syllabus.
 {¶ 23} Appellant's Third Assignment of Error is therefore overruled.
 V. {¶ 24} In his Fifth Assignment of Error, appellant again raises property division issues, in this instance alleging the trial court has not divided property as per paragraph five of the 1996 divorce decree. Similar to our discussion in regard to appellant's Third Assignment of Error, we find appellant's arguments outside the scope of the present appeal.
 {¶ 25} Appellant's Fifth Assignment of Error is therefore overruled.
 {¶ 26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, P.J. Hoffman, J., concurs. Edwards, J., concurs separately.
[1] Appellant does not herein dispute that his motion for relief from judgment, which did not specify which ground(s) he was utilizing under Civ.R. 60(B)(1) through (5), was subject to the one-year limit. As the motion asserted that the trial court's prior decision was "rife with errors," we find Civ.R. 60(B)(1) ("mistake") would be the applicable ground.