[Cite as *Wedemeyer v. U.S.S. FDR (CV-42) Reunion Assn.*, 2010-Ohio-6266.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

ALBERT WEDEMEYER,

    PLAINTIFF-APPELLANT,             CASE NO.  1-10-46

    v.

USS FDR (CV-42)
REUNION ASSOCIATION,          O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2009 0736

**Judgment Affirmed**

Date of Decision:   December 20, 2010

APPEARANCES:

    *Thomas A. Sobecki*  for Appellant

    *Richard E. Siferd*  for Appellee

**WILLAMOWSKI, P.J.,**

{¶1} Plaintiff-Appellant, Albert Wedemeyer ("Wedemeyer"), appeals the judgment of the Allen County Court of Common Pleas denying his Civ.R. 60(B) Motion for Relief from Judgment after his case against Defendant-Appellee, USS FDR (CV-42) Reunion Association ("the Reunion Association") was dismissed for lack of personal jurisdiction. In his second appeal concerning this case, Wedemeyer maintains that the trial court erred in denying his motion alleging excusable neglect and that the trial court also erred in finding that it lacked personal jurisdiction. For the reasons set forth below, the judgment is affirmed.

{¶2} On July 23, 2009, Wedemeyer filed suit against the Reunion Association after it expelled him from membership for life for allegedly engaging in disruptive conduct and activities. The Reunion Association is an unincorporated association, organized for social purposes, with a membership of over 1,000 active and former members of the Armed Forces who served on board the U.S.S. Franklin Roosevelt aircraft carrier. Wedemeyer complained that the organization did not provide him with reasonable notice and an opportunity to defend himself against the charges. He sought reinstatement and compensatory damages.

{¶3} The Reunion Association responded with a Civil Rule 12(B) Motion to Dismiss, claiming that the association lacked sufficient contacts necessary to

establish personal jurisdiction. Allegedly, the only contact with this state was the fact that the organization's treasurer lived in Lima, Ohio. The motion was supported with an affidavit from the Reunion Association's treasurer stating that: Wedemeyer lived in Georgia; the disruptive incidents occurred in Florida; Wedemeyer was voted out of the association at its annual meeting in Florida; the association was organized in Texas (although it was never chartered); it had erected a monument in Florida; the treasurer was the only officer living in Ohio; and it had never conducted meetings in Ohio, nor did it plan to do so.

{¶4} A response was not filed within the required fourteen-day time period pursuant to Loc.R. 3.03, so the trial court granted the Reunion Association's motion to dismiss on September 3, 2009. The trial court held that it did not have subject matter jurisdiction and there was no allegation that the alleged acts of the association involved Ohio.

{¶5} On September 4, 2009, two days after the deadline to file a response and one day after the trial court had filed its dismissal, Wedemeyer filed a response with an affidavit and attachments alleging that the Reunion Association had a more substantial presence in Ohio. Wedemeyer did not file a motion for relief from judgment at that time.

Case No. 1-10-46

{¶6} On September 29, 2009, Wedemeyer appealed the trial court's dismissal[1] claiming that the trial court erred: (1) in finding that it lacked subject matter jurisdiction; (2) in finding that it lacked personal jurisdiction; and (3) in failing to consider Wedemeyer's response because Civ.R. 6(E) provided an additional three days time to file a response. See *Wedemeyer v. USS FDR (CV-42) Reunion Assn.*, 3d Dist. No. 1-09-57, 2010-Ohio-1502 (hereinafter, "*Wedemeyer I*"). After a detailed analysis of the facts and law pertaining to this case, on April 5, 2010, this Court affirmed the trial court's dismissal. Id. Although we found that the trial court did have subject matter jurisdiction, the dismissal was proper because the trial court lacked personal jurisdiction. Id. at ¶50. We also held that Civ.R. 6(E) was not applicable to this type of filing and, therefore, "the trial court did not err in ruling on the motion on September 3, 2009 (15 days after the filing of the motion) without considering Wedemeyer's untimely answer brief."[2] Id. at ¶17. Wedemeyer did not appeal this decision.

{¶7} On May 24, 2010, Wedemeyer filed a Civ.R. 60(B)(1) Motion for Relief from Judgment from the trial court's original dismissal of the case and requested an evidentiary hearing. Wedemeyer supported his motion with an

---

[1] This appeal was dismissed sua sponte by this Court on October 7, 2009, for lack of a final appealable order because the trial court had failed to include the necessary language ordering the dismissal of the complaint. The trial court filed an Amended Judgment Entry the same day and Wedemeyer filed an appeal from this judgment entry on October 29, 2009.

[2] As a result of finding that Wedemeyer's response brief and affidavit were untimely and properly not considered by the trial court, our review of the jurisdictional issues was necessarily limited to the allegations in Wedemeyer's complaint and the Reunion Association's affidavit. *Wedemeyer I* at ¶44.

affidavit from his attorney explaining why the late filing of the response brief should constitute "excusable neglect," along with an affidavit from Wedemeyer attesting to the reasons why he believed he had a meritorious claim in the underlying complaint. Wedemeyer asked the trial court to consider the late response brief and its attachments in vacating the trial court's judgment. Wedemeyer did not provide any additional evidence or arguments as to the matter of personal jurisdiction nor did he aver that there was any newly discovered evidence concerning this matter.

{¶8} On June 2, 2010, the trial court denied Wedemeyer's 60(B) motion, finding that "[Wedemeyer] has not shown his excusable neglect and has not established any other reason justifying relief." (June 2, 2010 J.E.) Furthermore, citing this Court's decision in *Wedemeyer I*, the trial court stated that "[t]he lack of personal jurisdiction over the Reunion Association is fatal to [Wedemeyer's] claim and whether or not he has a meritorious defense does not matter because this Court cannot exercise personal jurisdiction over [the Reunion Association]." (Id.)

{¶9} Wedemeyer timely appeals this decision, raising the following three assignments of error for our review.

**First Assignment of Error**

**The Court of Common Pleas committed reversible error in denying [Wedemeyer's] Rule 60(B)(1) Motion For Relief from Judgment.**

## Second Assignment of Error

**The Court of Common Pleas committed reversible error in holding that it lacked personal jurisdiction over [the Reunion Association] regarding the Rule 60(B)(1) motion filed by [Wedemeyer].**

## Third Assignment of Error

**The Court of Common Pleas committed reversible error in not granting Wedemeyer's request, made in his Rule 60(B)(1) motion, for an evidentiary hearing prior to denying the motion.**

{¶10} Wedemeyer claims that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. The Ohio Supreme Court has set forth the requirements governing motions for relief from judgment as follows:

> **To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.**

*GTE Automatic Elec., Inc. v. ARC Industries, Inc*. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. All three elements are necessary to prevail on a Civ.R. 60(B) motion, and the failure to establish even one of the elements warrants a denial of the motion. *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564.

{¶11} There is a "firm and long-standing principle that final judgments are meant to be just that – final." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶22. Therefore, challenges to final judgments, other than through the appeal process, are disfavored and will succeed only in certain very limited situations. Id. The standard by which we review a decision on a Civ.R. 60(B) motion is abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 1994-Ohio-107, 637 N.E.2d 914.

{¶12} It is well established that an existing final judgment is conclusive as to all claims which were or might have been litigated in a first lawsuit. *National Amusements, Inc. v. Springdale* (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178. The doctrines of res judicata and law of the case would preclude relitigation of these same issues of law or fact in a subsequent action or upon remand. Therefore, a court must carefully consider the two conflicting principles of finality and perfection when reviewing a motion for relief from judgment. *Strack v. Pelton*, 70 Ohio St.3d at 175.

{¶13} In his first assignment of error, Wedemeyer asks for relief on the grounds of excusable neglect under Civ.R. 60(B)(1) which provides, in pertinent part:

> **On motion and upon such terms are as just, the court *may* relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:**

> **(1) Mistake, inadvertence, surprise, or excusable neglect;**
> ***

(Emphasis added.) Civ.R. 60(B)(1). In his affidavit, Wedemeyer's attorney states that he believed Civ.R. 6(E) allowed an additional three days to file the response, and therefore, the late filing was due to excusable neglect.

{¶14} The trial court relied upon our detailed explanation of the applicable law in *Wedemeyer I* and it determined that Wedemeyer had not established a reason sufficient to warrant granting his motion for relief from judgment. However, on appeal, Wedemeyer argues that the denial of a Civ.R. 60(B)(1) motion due to a late filing because of a misunderstanding of Civ.R. 6(E) is an abuse of discretion, relying upon the Second District Court of Appeal's decision in *Martin v. Lesko* (1999), 133 Ohio App.3d 752, 729 N.E.2d 839. Wedemeyer's arguments are without merit for several reasons.

{¶15} The Second District has also held that Civ.R. 6(E) is not applicable in cases such as this. See *Wedemeyer I* at ¶13. However, in *Martin*, the Court of Appeals granted the motion due to excusable neglect because it found that the specific language *in that particular local rule* was potentially confusing and might be susceptible to more than one meaning. *Martin* at 757. The *Martin* decision was confined to "the particular facts of [that] case" and did not involve the same procedures, rules or wording as in the case before us now. Id. at 758. Furthermore, the *Martin* decision, in 1999, was several years prior to the Ohio

Supreme Court's more recent decision in *Harvey v. Hwang*, 103 Ohio St.3d 16, 2004-Ohio-4112, 812 N.E.2d 1275, which further clarified when Civ.R. 6(E) does and does not function to extend a filing deadline by three days.

{¶16} Based on the above, the trial court's decision that Wedemeyer was not entitled to the relief requested under Civ.R. 60(B)(1) was not an abuse of discretion. Wedemeyer's first assignment of error is overruled.

{¶17} In his second assignment of error, Wedemeyer maintains that the trial court erred in holding that it lacked personal jurisdiction over the Reunion Association. However, this assertion appears to be based upon the presumption that the trial court would find its Civ.R.60(B)(1) motion to be meritorious; that it would admit and review the information included in Wedemeyer's response brief; and that the trial court would find those assertions would support a finding of personal jurisdiction. Based upon our resolution of Wedemeyer's first assignment of error, the only information concerning jurisdiction available to the trial court contained the same facts that the trial court had at the time of its original decision and when we reviewed that decision in *Wedemeyer I*.

{¶18} The law-of-the-case doctrine holds that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 3, 462 N.E.2d 410. Absent extraordinary

circumstances, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. Id. at 5; *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 323, 649 N.E.2d 1229. Therefore, with no new facts before it to be considered, the trial court was bound by our prior holding in *Wedemeyer I* finding that the court lacked personal jurisdiction over the Reunion Association. Wedemeyer's second assignment of error is overruled.

{¶19} Likewise, Wedemeyer's third assignment of error is based on the premise that a party is entitled to a hearing on a Civ.R. 60(B) motion when the grounds for relief from judgment are sufficiently alleged and are supported with evidence that would warrant relief. See, e.g., *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 1996-Ohio-430, 665 N.E.2d 1102. As discussed above, Wedemeyer has failed to meet that standard and failed to provide evidence that would change this Court's prior determination that there was no personal jurisdiction in this case. Therefore, the trial court did not err in denying the motion without holding an evidentiary hearing. Wedemeyer's third assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**ROGERS and PRESTON, J.J., concur.**