[Cite as *State v. Talley*, 2012-Ohio-4183.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellee                   :            C.A. CASE NO.    24765

v.                                             :            T.C. NO.    11CR468

ANTHONY L. TALLEY                              :              (Criminal appeal from
                                           Common Pleas Court)

    Defendant-Appellant                  :

                                                               :

. . . . . . . . . .

## O P I N I O N

Rendered on the    14th    day of     September    , 2012.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MICHAEL H. HOLZ, Atty. Reg. No. 0031902, 507 Wilmington Avenue, Suite 2, Dayton, Ohio 45420
        Attorney for Defendant-Appellant

ANTHONY L. TALLEY, #611392, London Correctional Institute, P. O. Box 69, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}   After the trial court overruled his motion to suppress, Anthony Talley pled no contest to possession of crack cocaine in the amount of 25 grams or more, but less than 100 grams.  The court found him guilty and sentenced him to a mandatory term of four years in prison and a six-month driver's license suspension; the court suspended the mandatory fine.

{¶ 2}   Talley's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal.  By entry, we informed Talley that his attorney had filed an *Anders* brief on his behalf and granted him sixty days from that date in order to file a pro se brief.  Talley chose not to file a pro se brief.

{¶ 3}   After an initial review of the record, we noted that the record included only a transcript of the April 13, 2011 hearing on Talley's motion to suppress.  The record did not  include a transcript of Talley's plea hearing or sentencing hearing, and there was no indication that a transcript for those hearings had been requested or prepared.  We therefore ordered that a transcript for the plea and sentencing hearings be prepared and filed, and we granted Talley's counsel an opportunity to either (1) raise assignments of error based on that transcript or (2) file an amended *Anders* brief.

{¶ 4}   Talley's counsel filed a supplemental *Anders* brief.  We informed Talley of that brief and gave him an opportunity to file a pro se brief.  Talley has not responded.

{¶ 5}   Pursuant to our duty under *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have conducted an independent review of the entire record, and we

have found no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court will be affirmed.

I

{¶ 6}  On February 15, 2011, Talley was indicted on one count each of possession of crack cocaine (25 to 100 grams, a felony of the first degree) and possession of heroin (10 to 50 grams, a felony of the second degree) as the result of evidence found in his home, pursuant to a search warrant. Later that month, Talley filed a motion to suppress the evidence seized from his residence, claiming that the search warrant was "stale," that the magistrate lacked probable cause to issue the search warrant, and that the search warrant had expired prior to its execution. Following a hearing, the trial court overruled the motion to suppress. Talley subsequently pled no contest to possession of crack cocaine, and the State dismissed the possession of heroin charge. Talley was sentenced to four years in prison and a six-month driver's license suspension; the court suspended the $10,000 mandatory fine due to Talley's indigency.

{¶ 7}  Although appellate counsel has not specifically identified any potential assignments of error, he indicates that he carefully considered the trial court's ruling on Talley's motion to suppress, the plea hearing, and Talley's sentence before concluding that there were no issues with arguable merit.

{¶ 8}  "In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying

hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. George,* 45 Ohio St.3d 325, 544 N.E.2d 640 (1989), paragraph one of the syllabus, citing *Illinois v. Gates,* 462 U.S. 213, 238-239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

{¶ 9} In this case, the affidavit in support of the search warrant stated that the Dayton police received information from a reliable confidential informant, who indicated that Talley was selling drugs from his home. The police then arranged for the informant to make three controlled buys from Talley. The controlled buys occurred on January 24, 28, and 31, 2011; on each occasion, the informant drove to Talley's residence and purchased crack cocaine. The detective conducted additional surveillance of Talley's home and observed numerous visits to the home, each of which lasted a matter of minutes, which was consistent with the operation of other drug houses that the detective had investigated in the past. Further, the investigating detective recognized Talley's name from previous drug investigations, and the detective was aware that Talley had been the named suspect in multiple drug search warrants. The detective showed the informant a photograph of Talley that the detective had from prior investigations, and the informant identified Talley as the person from whom the informant had purchased crack cocaine. A search warrant was issued on February 3, 2011, and executed on February 7, 2011.

{¶ 10} We agree with appellate counsel's assessment that the affidavit provided the magistrate with probable cause to issue a search warrant for Talley's residence. The affidavit was written within two weeks of the first controlled buy and three days after the third controlled buy; the information was not stale, and the controlled buys along with other

surveillance strongly suggested that the house was repeatedly being used for drug transactions.

**{¶ 11}** In addition, there is no potentially meritorious argument that the search warrant was executed after the warrant had expired. While Crim.R. 41(C) states that a search warrant "shall command the officer to search, within three days, the person or place named," Crim.R. 45(A) applies to computing time for the execution of warrants. *State v. Chandler*, 8th Dist. Cuyahoga Nos. 93664 & 93665, 2011-Ohio-590, ¶ 83; *State v. Hill*, 2d Dist. Montgomery No. 18875, 2001 WL 1657906 (Dec. 28, 2011). Crim.R. 45(A) provides:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation.

**{¶ 12}** The warrant to search Talley's residence was issued on February 3, 2011, a Thursday, and was executed on February 7, 2011, a Tuesday. Under Crim.R. 45(A), February 3, the day the warrant was issued, would not be included. And because the intervening weekend was also excluded, the warrant was unquestionably executed within the

period required by Crim.R. 41.

{¶ 13} Moreover, nothing in the record suggests that the search warrant was stale, Crim.R. 41(C) notwithstanding. The affidavit indicated that Talley was conducting an on-going drug business from his home, and the most recent controlled buy occurred one week before the warrant was executed. There is no evidence that the delay made the execution of the search warrant constitutionally stale. In short, we find no potentially meritorious issues with regard to the trial court's denial of Talley's motion to suppress.

{¶ 14} Nor do we find any potentially meritorious issues related to Talley's plea and sentence. As acknowledged by Talley's appellate counsel, the trial court followed Crim.R. 11's "requirements to the letter, and the Defendant appeared to be alert and fully engaged in the process." Talley was subject to a maximum mandatory sentence of ten years in prison; the court sentenced him to a mandatory term of four years, which fell within the statutory guidelines. Appellate counsel concedes that, in light of Talley's prior criminal record, a four-year sentence was "probably the best the defendant could have expected." The trial court imposed a mandatory fine of $10,000, but suspended the fine due to Talley's affidavit of indigency. The court's imposition of a six-month driver's license suspension was the minimum length required by law. Based on the record, we find no potentially meritorious claims based on Talley's plea and sentence.

### III

{¶ 15} After performing our duty of independent review, we have found no potential assignments of error having arguable merit. We conclude, therefore, that this appeal is wholly frivolous.

{¶ 16} The trial court's judgment will be affirmed.

. . . . . . . . . .

GRADY, P. J. and DONOVAN, J., concur.

Copies mailed to:

Carley J. Ingram
Michael H. Holz
Anthony L. Talley
Hon. Gregory F. Singer