[Cite as *Niki D'Atri Ents. v. Hines*, 2014-Ohio-283.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| NIKI D'ATRI ENTERPRISES, | ) | |
| | ) | CASE NO.   13 MA 57 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | OPINION |
| - VS - | ) | AND |
| | ) | JUDGMENT ENTRY |
| JAMES HINES, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas Court,
                              Case No. 11CV1116.

JUDGMENT:                      Dismissed as Moot.

APPEARANCES:
For Plaintiff-Appellee:        Attorney Christopher Sammarone
                              20 West Federal Street, Suite M6
                              Youngstown, Ohio  44503

For Defendant-Appellant:       James Hines, *Pro se*
                              427 Catalina Avenue
                              Youngstown, Ohio  44504

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                              Dated:  January 21, 2014

PER CURIAM:

¶{1}    For the following reasons, this appeal is hereby dismissed as untimely. On Friday, March 22, 2013, the Mahoning County Common Pleas Court entered summary judgment in favor of plaintiff-appellee Niki D'Atri Enterprises on its tax certificate foreclosure action regarding a neighboring vacant .155 acre lot on Wilson Avenue in Youngstown owned by defendant-appellee James Hines.  (The treasurer sold delinquent tax liens on the property in 2005 and 2006 from years prior.)  The trial court found that the plaintiff was entitled to reimbursement on its tax certificates totaling less than $100, plus interest at 18%, and reasonable fees and costs and ordered a sheriff's sale if the defendant did not redeem within three days.

¶{2}    Appellant filed his notice of appeal on Thursday, April 25, 2013. Recognizing the timing issue, appellant claimed in the notice that his appeal was timely because the clerk failed to serve notice and enter it on the docket within three days of the judgment.  He stated that service was made by ordinary mailing and entered on the docket on March 26, 2013, and he reasoned that he had thirty days from that date under App.R. 4.  However, appellant's argument is incorrect.

¶{3}    An appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by App.R. 4.  *See* App.R. 3.  Pursuant to App.R. 4(A), "A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."

¶{4}    Civ.R. 58(B) provides in pertinent part:  "Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete."  Civ.R. 5(B) provides that a document can be served by mailing it to the last known address and that service is complete upon mailing.  Civ.R. 5(B)(2)(c).

¶{5}   App.R. 14(A) and Civ.R. 6(A) both state that in computing any period of time prescribed or allowed by the rules, the day of the act from which the designated period of time begins to run shall not be included.  These rules also explain:  "When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  App.R. 14(A); Civ.R. 6(A).

¶{6}   The clerk entered the judgment on the journal on Friday, March 22, 2013.  As Friday is the day of the act from which the period begins to run, Friday is not included in the three day count under App.R. 14(A) and Civ.R. 6(A).  These rules also expressly exclude Saturday, March 23 and Sunday, March 24 from three day count (as the pertinent count is less than seven days).  *See Carlin v. Schaller*, 5th Dist. No. 96CA63 (Dec. 11, 1996) (clerk complied with Civ.R. 58(B) where judgment entered on Friday and notice sent and entered in docket on Tuesday, as Friday was the first day and weekends are not included in three day period); *Murray v. Ohio Bur. of Emp. Servs.,* 8th Dist. No. 67428 (Dec. 29, 1994) (three day period in Civ.R. 58(B) does not include day of judgment or weekends).  *See also State v. Talley*, 2d Dist. No. 24765, 2012-Ohio-4183, ¶ 11-12 (three day period for executing search warrant in Crim.R. 41 does not include weekends due to applicable of Crim.R.45, which is Civ.R. 6(A)'s sister rule); *State v. Chandler*, 8th Dist. Nos. 93664, 93665, 2011-Ohio-590, ¶ 81-84 (same).

¶{7}   The clerk served notice by regular mail on Tuesday, March 26, 2013.  On that same date, the clerk noted the service on the docket.  Tuesday, March 26 was the second day of the three day count.  Hence, the clerk did in fact serve the notice and note service on the docket within three days of the entry of judgment on the journal as required by Civ.R. 58(B).

¶{8}   App.R. 4(A) thus required the notice of appeal be filed within thirty days of the March 22, 2013 entry of judgment.  Accordingly, the notice of appeal was due on April 21, 2013.  As the due date was a Sunday, a timely filing could have been made on Monday, April 22, 2013.  *See* Civ.R. 6(A) (using the day after, where the last

day falls on a Saturday, Sunday, or legal holiday). Appellant did not file his notice of appeal until April 25, 2013. This was untimely. [1]

**¶{9}** As the notice of appeal was untimely, this appeal must be dismissed. *See, e.g., State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84, 85, 555 N.E.2d 966 (1990) (timely notice of appeal is jurisdictional); App.R. 14(B) ("The court may not enlarge or reduce the time for filing a notice of appeal * * ."); App.R. 13(A) (a filing is not timely unless received by the clerk by the time fixed for filing); App.R. 3 (appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by App.R. 4 and the failure to timely file affects the validity of the appeal).

**¶{10}** Appeal dismissed. Costs taxed against appellant.

Vukovich, J., concurs.
Waite, J., concurs.
DeGenaro, P.J., concurs.

---

[1]Appellant does not argue this, but we note that appellant could not benefit from the following three day mailing rule: "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other document upon that party and the notice or paper is served upon the party by mail * * * three days shall be added to the prescribed period." App.R. 14(C). *See also* Civ.R. 6(D) (a similar provision). Initially, we note that three days from the due date would be April 24, not April 25 (as appellant could not use the Sunday-to-Monday extension plus the three day mailing extension; rather an applicable three day extension would extend the original period from a Sunday to a Wednesday).

In any event, the three day mailing rule is inapplicable here. As we explained, because the clerk complied with Civ.R. 58(B), appellant was required to file the notice of appeal within a prescribed period after the entry of judgment, not within a prescribed period after service of notice. *See, e.g., Harvey v. Hwana*, 103 Ohio St.3d 16, 2004-Ohio-4112, 812 N.E.2d 1275, ¶ 16-18 (three day mailing rule only applies to time periods that are triggered by the service of a document or notice, and time periods that are triggered by acts other than service are not subject to the extension); *Dugantiz v. Ohio Adult Parole Auth.*, 92 Ohio St.3d 556, 557, 751 N.E.2d 1088 (2001) (the three day mailing rule does not apply where the act must be done within so many days of the decision's filing).