[Cite as *Colfor Mfg., Inc. v. Ohio Civ. Rights Comm.*, 2018-Ohio-712.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

COLFOR MANUFACTURING, INC.,      )

     APPELLANT/PETITIONER,     )

V.                          )

OHIO CIVIL RIGHTS COMMISSION, ET   )
AL.,

     APPELLEES/RESPONDENTS.    )

|  |  |
|---|---|
| CASE NO. 16 CA 0912 | |
| OPINION | |
| AND | |
| JUDGMENT ENTRY | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Application for Reconsideration. |
| JUDGMENT: | Denied. |

APPEARANCES:

| | |
|---|---|
| For Appellant/Petitioner | Attorney Gust Callas<br>Attorney Whitney L. Willits<br>220 Market Avenue South, Suite 1000<br>Canton, Ohio 44702 |
| For Appellees/Respondents | Attorney David A. Oppenheimer<br>Assistant Attorney General<br>615 W. Superior Ave., 11th Floor<br>Cleveland, Ohio 44113 |

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated:   February 26, 2018

PER CURIAM.

{¶1} Appellant, Colfor Manufacturing, Inc., has filed a motion for reconsideration asking this court to reconsider our decision and judgment entry in which we affirmed the judgment of the Carroll County Common Pleas Court. See *Colfor Mfg., Inc. v. Ohio Civ. Rights Commission*, 7th Dist. No. 16 CA 0912, 2017-Ohio-9402.

{¶2} A motion for reconsideration is filed under App.R. 26(A)(1). The test generally applied in evaluating a motion for reconsideration is whether it calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

{¶3} A motion for reconsideration must be filed within ten days of the judgment. App.R. 26(A)(1)(a). The judgment entry in this case was filed December 28, 2017. Colfor did not file its motion until January 16, 2019. Thus, Colfor's motion was untimely.

{¶4} Colfor urges us to consider its motion despite its untimeliness contending our judgment was not mailed until January 3, 2018.

Civ.R. 58(B) provides in pertinent part: "Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete." Civ.R. 5(B) provides that a document can be served by mailing it to the last known

address and that service is complete upon mailing. Civ.R. 5(B)(2)(c).

App.R. 14(A) and Civ.R. 6(A) both state that in computing any period of time prescribed or allowed by the rules, the day of the act from which the designated period of time begins to run shall not be included. These rules also explain: "When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." App.R. 14(A); Civ.R. 6(A).

*Niki D'Atri Ents. v. Hines*, 7th Dist. No. 13 MA 57, 2014-Ohio-283, ¶¶ 4-5.

**{¶5}** Turning to the timeline in this case, December 28, 2017 was a Thursday. Thus, the clerk's three days to serve the parties by mail began to run on Friday December 29, 2017. Due to the weekend, followed by the legal holiday of New Year's Day on Monday January 1, 2018, the second day of the three-day time limit was Tuesday January 2, 2018. The clerk then timely served the parties by mail on Wednesday January 3, 2018. Thus, Colfor was required to file its motion for reconsideration by Monday January 8, 2018 (ten days after filing of the judgment, plus one day because the tenth day was a Sunday). Accordingly, Colfor's motion for reconsideration is untimely.

**{¶6}** Even if Colfor's motion for reconsideration was timely, the arguments it raises were already fully considered by this court. App.R. 26 allows an appellant to request reconsideration of an obvious error in the court's decision or to raise an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Because we have already considered Colfor's arguments in its direct appeal, these arguments cannot now be the basis for a motion for reconsideration.

**{¶7}** For the reasons stated, Colfor's motion for reconsideration is hereby denied. Costs taxed against Petitioner (Relator).

**{¶8}** Final order. Clerk to serve notice as provided by Civil Rules.

Donofrio, J., concurs

Waite, J., concurs

Robb, P.J., concurs