[Cite as *State v. Henderson*, 2018-Ohio-3424.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERICULO LAROSS HENDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 15 MA 0137**

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Application for Reconsideration Denied.

---

*Atty. Paul J. Gains*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera*, Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 W. Boardman Street., 6th Floor., Youngstown, Ohio 44503, For Plaintiff-Appellee and

*Atty. Timothy Young,* Ohio Public Defender, The Midland Building, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215*, Atty. Peter Galyardt,* Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for Defendant-Appellant.

**Dated:** August 21, 2018

**PER CURIAM.**

{¶1} On July 16, 2018 Appellant Ericulo Henderson filed an application for reconsideration in *State v. Henderson*, 7th Dist. No. 15 MA137, 2018-Ohio-2816.

{¶2} Pursuant to App.R. 26(A) applications for reconsideration must be made no later than 10 days after the clerk has mailed the judgment to the parties and made a note on the docket of the mailing. In this case there are two mailing dates on the docket. The first mailing date is July 2, 2018. The second mailing date is July 6, 2018.

{¶3} An affidavit from counsel attached to the application explained that the July 2, 2018 mailing was inadvertently sent to the wrong attorney. That attorney contacted this court of the incorrect mailing. Our court then instructed the Mahoning County Clerk's Office to send another copy of the opinion to the correct attorney. This resulted in the July 6, 2018 mailing. The reconsideration application is timely filed from the date of the July 6, 2018 mailing. Regardless, extraordinary circumstances permit a court to enlarge the time to accept an application for reconsideration. App.R. 14(B). This situation would constitute extraordinary circumstances for enlarging the time to file the application. It is noted the state does not argue the petition is untimely and should not be considered on its merits.

{¶4} Appellant argues this court should reconsider its decision to affirm the trial court's issuance of the maximum sentence for his felonious assault conviction. In the opinion, this court made a statement that it would have not imposed the maximum sentence in this case if it were the trial court. *Henderson*, 2018-Ohio-2816 at ¶ 98. Appellant argues this statement is an indication the sentence is not clearly and convincingly supported by the record and thus, provides a basis for reconsideration.

{¶5} We disagree with Appellant's characterization of that one statement as an indication the sentence is not supported by the record. The statement made by this court, when considered in isolation, may insinuate the sentence imposed was clearly and convincingly not supported by the record. However, the statement must be read in

the context it was made and in consideration of the entire analysis under that assigned error.  We stated:

> Given all the above and the standard of review, we cannot conclude the sentence is clearly and convincingly contrary to law. The record indicates the trial court considered all the required statutes and issued a sentence within the applicable range. Furthermore, the trial court's application of the seriousness factors corresponds with the facts of the case. The victim was young, 11 years old, and Appellant was the victim's tutor and held a position of trust. Although this court would not have imposed the maximum sentence in this case, given our limited standard of review and the trial court's reasoning, there is no basis for this court to conclude the sentence is contrary to law. We are required to afford deference to the trial court's broad discretion in making sentencing decisions; trial courts have great latitude and discretion in formulating the appropriate sentence. *State v. Rahab*, 150 Ohio St.3d 152, 2017–Ohio–1401, 80 N.E.3d 431, ¶ 10. This assignment of error lacks merit.

*Id.*

**{¶6}**   This analysis, citing the seriousness factors, indicates we found the sentence was supported by the record.  Our statement regarding whether this court would sentence Appellant to the same sentence the trial court did was merely an indication of the high standard that must be met for an appellate court to reverse, vacate, and remand a sentence for resentencing when the sentence imposed falls within the applicable range set forth in R.C. 2929.14.  An appellate court simply indicating it may not have issued the same sentence is not enough to hold that the sentence is clearly and convincingly contrary to law because it is not supported by the record.  As we indicated, trial courts have enormous discretion in sentencing.

**{¶7}**   Appellant's argument can be classified as merely disagreeing with our conclusion that the record supported the sentence imposed.  An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court.  *Colfor Mfg., Inc. v.*

*Ohio Civ. Rights Commission*, 7th Dist. No. 16 CA 0912, 2018-Ohio-712, ¶ 2, citing *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996).  Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.  *Colfor* citing *Owens.*

**{¶8}**    For those reasons, the application for reconsideration is denied


**PRESIDING JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**