[Cite as *State v. Henderson*, 2020-Ohio-3164.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERICULO LAROSS HENDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0090**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 14CR1331

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul Gains*, Prosecuting Attorney and *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee, and

Ericulo Laross Henderson, (PRO SE), A672536, Southeastern Correctional Institution, 5900 B.I.S. Road, Lancaster, Ohio 43130, for Defendant-Appellant.

May 29, 2020

---

**Donofrio, J.**

{¶1}   Defendant-appellant, Ericulo Henderson, appeals from a Mahoning County Common Pleas Court judgment denying his Motion to Correct Void Judgment.

{¶2}   On December 30, 2014, a Mahoning County Grand Jury indicted appellant on one count of felonious assault in violation of R.C. 2903.11(A)(1)(D), a second-degree felony; one count of endangering children in violation of R.C. 2919.22(A)(E)(1)(2)(c), a third-degree felony; one count of endangering children in violation of R.C. 2919.22(B)(3)(E)(1)(3), a second-degree felony; and one count of endangering children in violation of R.C. 2929.22(B)(3)(E)(1)(3), a third-degree felony.  The charges stemmed from allegations that appellant beat a child  he had been tutoring.  The matter proceeded to a jury trial.

{¶3}   Prior to the start of trial, plaintiff-appellee, the State of Ohio, moved to dismiss one of the third-degree felony child endangering charges. (6/1/15 Motion; Trial Tr. 9-11).  The trial court granted the motion and dismissed the one charge. (Trial Tr. 9-11).

{¶4}   A jury subsequently convicted appellant on the remaining charges of second-degree felonious assault, third-degree endangering children, and second-degree endangering children.  The trial court found that the convictions for felonious assault and third-degree endangering children merged with second-degree endangering children for purposes of sentencing.  The court then sentenced appellant to an eight-year prison term.

{¶5}   Appellant appealed arguing that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence, that his counsel was ineffective, that the prosecutor engaged in misconduct, that the trial court improperly admitted certain testimony, that the trial court failed to instruct the jury on a lesser-included offense, and that his sentence was not supported by the record. *State v. Henderson*, 7th Dist. Mahoning No. 15 MA 0137, 2018-Ohio-2816, reconsideration denied, 7th Dist. Mahoning No. 15 MA 0137, 2018-Ohio-3424, and appeal not allowed

Case No. 18 MA 0090

*State v. Laross-Henderson*, 153 Ohio St.3d 1497, 2018-Ohio-4092, 108 N.E.3d 1105. This court affirmed appellant's conviction. *Id.*

{¶6} After we affirmed his conviction, appellant filed a "Motion to Correct Void Judgment Pursuant to Criminal R 32.2." The trial court denied appellant's motion. Appellant filed a timely notice of appeal from that judgment on August 23, 2018.

{¶7} Appellant, acting pro se, requested an extension of time to file his appellate brief. On November 26, 2018, this court granted the extension. Appellant requested another extension of time, which we granted. Appellant eventually filed his brief on December 9, 2019.

{¶8} Appellant, still acting pro se, now raises a single assignment of error.

{¶9} Appellant's assignment of error states:

WHEN THE TRIAL COURT FAILS TO IMPOSE SENTENCE FOR EACH CHARGE, THAT ORDER IS MERELY INTERLOCUTORY BECAUSE THE TRIAL COURT HAS A MANDATORY DUTY "TO DEAL WITH EACH AND EVERY CHARGE PROSECUTED AGAINST A DEFENDANT."

{¶10} Appellant argues that in his judgment entry of sentence, the trial court should have, and failed to, sentence him on each individual charge. He claims this was in violation of Crim.R. 32(C). Appellant argues that because the trial court failed to individually sentence him on each count, his sentencing judgment was void and did not constitute a final, appealable order. Appellant also argues that the trial court failed to properly resolve Count Four of the indictment. He asserts this charge remains pending.

{¶11} Crim.R. 32(C) provides:

A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk.

{¶12}   In addressing what is required in a judgment of conviction so that the judgment is a final, appealable order, the Ohio Supreme Court had held:

> A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk.

*State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶13}   The judgment entry of sentence in this case contains each of the four required items and it complies with Crim.R. 32(C).   It sets forth that appellant was convicted by a jury of Count One for felonious assault, Count Two for third-degree felony endangering children, and Count Three for second-degree felony endangering children. It states that appellant's convictions merge for purposes of sentencing and appellant is sentenced to a prison term of eight years on Count Three.  The judge signed the entry. And the entry was time stamped on July 24, 2015 by the clerk.

{¶14}   Moreover, the trial court was not required to mete out individual sentences for each of Counts One through Three.  The court found that for sentencing purposes, Counts One and Two merged with Count Three.   Therefore, it was only required to sentence appellant on Count Three.

{¶15}   For purposes of merger, the state chooses which of the allied offenses to pursue at sentencing.  *State v. T.D.J.*, 7th Dist. Mahoning No. 16 MA 0104, 2018-Ohio-2766, ¶ 62, citing *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 16, 43. Once the state elects which offense it wishes the court to sentence the defendant on, the court must accept the state's choice and merge the crimes into a single conviction for sentencing purposes.  *Id.*, citing *Brown* at ¶ 42.   Thus, in this case, the trial court properly sentenced appellant on only one conviction after it found that the other two merged for sentencing purposes.

{¶16}   As to appellant's allegation that the trial court never resolved Count Four of his indictment, this is simply not true.  In his direct appeal this court pointed out:

> Pr ior to the start of trial, the state moved to amend the indictment. The state asked for the second-degree felony child endangering charge to be amended to include language that Appellant "created substantial risk of serious physical harm to" the child. 6/1/15 Motion; Trial Tr. 9-11. It also moved to dismiss one of the third-degree felony child endangering charges. 6/1/15 Motion; Trial Tr. 9-11. The trial court granted the motion, amended the indictment, and dismissed the one charge. Trial Tr. 9-11.

*Henderson*, 2018-Ohio-2816, at ¶ 7. Thus, appellant's argument that there is still a charge pending against him is unfounded.

{¶17} Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶18} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P. J., concurs.

Robb, J., concurs.

[Cite as *State v. Henderson*, **2020-Ohio-3164.**]

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**