[Cite as *State v. Henderson*, 2022-Ohio-680.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ERICULO LAROSS HENDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 MA 0017**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 14 CR 1331

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Paul Gains*, Prosecutor and *Atty. Ralph Rivera,* Assistant Prosecutor, Mahoning County Prosecutor's Office, 21 W. Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

Ericulo Laross Henderson, PRO SE, Inmate No. 672-536, Southeastern Correctional Institution, 5900 B.I.S. Road, Lancaster, Ohio 43130, for Defendant-Appellant.

Dated:
February 23, 2022

**Donofrio, J.**

{¶1} Defendant-appellant, Ericulo Henderson, appeals from a Mahoning County Common Pleas Court judgment denying his motion for relief from judgment.

{¶2} In June 2015, appellant was convicted of second-degree felony child endangering and sentenced to eight years in prison. Appellant appealed his conviction and sentence. This court affirmed. *State v. Henderson*, 7th Dist. Mahoning No. 15 MA 0137, 2018-Ohio-2816, reconsideration denied *State v. Henderson*, 7th Dist. Mahoning No. 15 MA 0137, 2018-Ohio-3424, appeal not accepted *State v. Laross-Henderson*, 153 Ohio St.3d 1497, 2018-Ohio-4092, 108 N.E.3d 1105.

{¶3} On July 9, 2018, appellant, now acting pro se, filed a motion to correct void judgment, which the trial court denied. Appellant appealed and this court once again affirmed the trial court's judgment. *State v. Henderson*, 7th Dist. Mahoning No. 18 MA 0090, 2020-Ohio-3164, reconsideration denied, 7th Dist. Mahoning No. 18 MA 00902020-Ohio-4793, reconsideration denied, 7th Dist. Mahoning No. 18 MA 0090, 2020-Ohio-6847.

{¶4} On October 30, 2020, appellant, still acting pro se, filed a postconviction petition. The trial court denied the petition on November 6, 2020. The clerk of courts, however, did not mail the trial court's judgment entry until December 16, 2020.

{¶5} On January 19, 2021, appellant filed a motion for relief from judgment. He argued the trial court should vacate the November 6, 2020 judgment because he was not timely served with a copy and was therefore denied the opportunity to file a timely appeal. The trial court denied the motion. Appellant filed a timely notice of appeal from this judgment on March 1, 2021.

{¶6} Appellant, still acting pro se, does not set out a specific assignment of error for this court's review. But it is apparent from his brief that he is asserting the trial court erred in denying his motion for relief from judgment. Appellant asserts that he was entitled to relief from judgment pursuant to Civ.R. 60(B)(5).

Case No. 21 MA 0017

**{¶7}** The standard of review used to evaluate a trial court's decision to deny or grant a Civ.R. 60(B) motion is abuse of discretion. *Preferred Capital, Inc. v. Rock N Horse, Inc.*, 9th Dist. Summit No. 21703, 2004-Ohio-2122, at ¶ 9. Abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶8}** The Ohio Supreme Court set out the controlling test for Civ.R. 60(B) motions in *GTE Automatic Elec., Inc. v. Arc Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), where the court stated:

> To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*Id.* at paragraph two of the syllabus.

**{¶9}** As to the first *GTE* requirement, a party requesting Civ.R. 60(B) relief from judgment is only required to allege a meritorious defense, not to prove that he will prevail on that claim or defense. *State Farm Ins. Co. v. Valentino*, 7th Dist. Mahoning No. 02-CA-119, 2003-Ohio-3487, at ¶ 18. But the movant must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test. *Syphard v. Vrable*, 141 Ohio App.3d 460, 463, 751 N.E.2d 564 (7th Dist.2001).

**{¶10}** In this case appellant did not satisfy even the first *GTE* requirement. In his motion for relief from judgment, appellant argued that the clerk did not serve him until after the 30-day time limit to file a timely notice of appeal had passed. He noted that while the trial court entered judgment on November 6, 2020, the clerk did not serve him until December 16, 2020. Appellant argued that this late service denied him the opportunity to file a timely appeal from the trial court's denial of his postconviction petition.

Civ.R. 58(B) provides:

When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ. R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A).

{¶11} Thus, pursuant to Civ.R. 58(B), the time to file an appeal would have started to run for appellant on November 6, 2020, even though the clerk did not timely serve him.

{¶12} But Civ.R. 58(B) provides an exception, which is set out in App.R. 4(A). App.R. 4(A) provides in pertinent part:

(3) *Delay of Clerk's Service in Civil Case*. In a civil case, if the clerk has not completed service of notice of the judgment within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service.

{¶13} Pursuant to the Appellate Rule, even though the clerk in this case did not complete service of the trial court's judgment within three days, appellant still could have filed a timely notice of appeal from the trial court's judgment.

{¶14} As stated in App.R. 4(A), appellant had 30 days from the date when the clerk actually completed service to file a timely notice of appeal, which in this case was December 16, 2020. Therefore, appellant had until January 15, 2021 to file a timely notice of appeal from the trial court's judgment denying his postconviction petition. Consequently, appellant cannot satisfy the first element of the *GTE* test since he does not have a meritorious claim or defense to present. Because appellant cannot meet even

the first requirement, the trial court did not abuse its discretion in finding that he was not entitled to relief from judgment.

{¶15}   Accordingly, appellant's sole assignment of error is without merit and is overruled.

{¶16}   For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**